Filed 12/22/11

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S191020 |
| v. | ) | |
| | ) | Ct.App. 4/2 E049932 |
| AMIR A. AHMED, | ) | |
| | ) | Riverside County |
| Defendant and Appellant. | ) | Super. Ct. No. RIF145548 |
| _____ | ) | |

A jury convicted defendant of one crime — assault with a firearm — and found true two sentence enhancement allegations as to that crime — personal use of a firearm and personal infliction of great bodily injury. We granted review to decide the relevance, if any, of Penal Code section 654, which generally prohibits multiple punishments for the same act or omission, to the question of whether a court may impose multiple enhancements for a single crime; and, more specifically, whether the court properly imposed both enhancements in this case.[1]

We conclude that a court deciding how multiple enhancements interact should first examine the specific sentencing statutes. If, as is often the case, these statutes provide the answer, the court should apply that answer and stop there. Because specific statutes prevail over general statutes, consideration of the more

_____

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

1

general section 654 will be unnecessary. Only if the specific statutes do not provide the answer should the court turn to section 654. We conclude that section 654 does apply in that situation, but the analysis must be adjusted to account for the differing natures of substantive crimes and enhancements.

In this case, the relevant specific statute, section 1170.1, permits the court to impose both one weapon enhancement and one great-bodily-injury enhancement. Accordingly, the trial court properly imposed both enhancements. Because the specific statute provides the answer, we do not turn to section 654.

## I. FACTS AND PROCEDURAL HISTORY

On August 7, 2006, defendant shot his girlfriend, Larin Romo, in the stomach with a .38-caliber handgun. For this act, a jury convicted him of assault with a firearm (§ 245, subd. (a)(2)), and found true sentence enhancement allegations that he personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)). Defendant also admitted that he had served two prior prison terms within the meaning of section 667.5, subdivision (b).

The court sentenced defendant to state prison for 13 years, a sentence consisting of the upper term of four years for the assault, three years for using a firearm, four years for inflicting great bodily injury, and one year each for the two prior prison terms. Defendant appealed. The Court of Appeal held that section 654 prohibited imposing both the firearm-use and the great-bodily-injury enhancements. It stayed the sentence for the firearm-use enhancement, reducing the prison sentence to 10 years, and otherwise affirmed the judgment.

We granted the Attorney General's petition for review.

## II. DISCUSSION

As relevant, section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be

2

punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

Defendant argues, and the Court of Appeal held, that this statute bars the imposition of separate enhancements for using a firearm and inflicting great bodily injury because both enhancements were based on the same act — shooting the victim in the stomach. This conclusion gives rise to the threshold question of how, if at all, section 654 applies to whether a court may impose multiple enhancements for a single crime. As we explain in part II.A., *post*, courts should look first to the statutory language concerning the enhancements to determine how they interact and consider section 654 only if those statutes do not provide the answer. Accordingly, in part II.B, *post*, we will examine the relevant statute to determine whether the trial court properly imposed both enhancements.

### A.  Application of Penal Code section 654 to sentence enhancements.

"On July 1, 1977, the Legislature replaced California's indeterminate sentencing scheme with a new law, the Determinate Sentencing Act. Under the new law, most felonies specify three possible terms of imprisonment (the lower, middle, and upper terms); after weighing any aggravating and mitigating circumstances, the trial court selects one of these terms. (§ 1170, subd. (b).)" (*People v. Jefferson* (1999) 21 Cal.4th 86, 95.) An example of such a felony is the one of which defendant was convicted, assault with a firearm, which specifies lower, middle, and upper terms of two, three, and four years, respectively. (§ 245, subd. (a)(2).)

"A determinate term for a given offense might also be lengthened by sentence enhancements." (*People v. Felix* (2000) 22 Cal.4th 651, 655.) "Enhancements typically focus on an element of the commission of the crime or

3

the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves." (*People v. Hernandez* (1988) 46 Cal.3d 194, 207-208.) "[T]here are at least two types of sentence enhancements: (1) those which go the nature of the offender; and (2) those which go the nature of the offense." (*People v. Coronado* (1995) 12 Cal.4th 145, 156.) The first category typically enhances the sentence due "to the *defendant's status* as a repeat offender." (*Ibid*.) "The second category of enhancements, which are exemplified by those authorized under sections 12022.5 and 12022.7, arise from the *circumstances of the crime* and typically focus on what the defendant did when the current offense was committed." (*Id*. at p. 157, fn. omitted.)

The two enhancements in this case are the ones cited as examples of the second category in *People v. Coronado*, *supra*, 12 Cal.4th at page 157. Section 12022.5, subdivision (a), adds an enhancement of three, four, or 10 years for personal use of a firearm.[2] This provision is intended to deter persons from creating the potential for death or injury that the presence of firearms at a crime scene causes and to deter the use of firearms in the commission of violent crimes. (*In re Tameka C.* (2000) 22 Cal.4th 190, 196.) Section 12022.7, subdivision (e), adds an enhancement of three, four, or five years for personal infliction of great

---

[2]     The Legislature has provided that this enhancement applies to assault with a firearm even though firearm use is an element of that offense. (§ 12022.5, subd. (d).) The enhancement does not entirely duplicate the offense, however. A defendant may be vicariously guilty of assault with a firearm even if that defendant did not personally use the firearm. (See *People v. McCoy* (2001) 25 Cal.4th 1111, 1116-1118.) But the firearm-use enhancement applies only to a defendant who "personally uses" the firearm. (§ 12022.5, subd. (a); see *People v. Walker* (1976) 18 Cal.3d 232.) Thus, the enhancement does not attach to everyone guilty of assault with a firearm but only to those who personally use the firearm.

4

bodily injury under circumstances involving domestic violence in the commission of a felony or attempted felony. "Section 12022.7 is a legislative attempt to punish more severely those crimes that actually result in great bodily injury." (*People v. Guzman* (2000) 77 Cal.App.4th 761, 765.) Because defendant both used a firearm and inflicted great bodily injury when he shot his victim, both enhancements apply.

The question here is whether section 654 prohibits imposition of both enhancements because both apply to the same act. In *People v. Coronado*, *supra*, 12 Cal.4th at pages 156-159, we held that section 654 does not apply to the first category of enhancements identified in that case — those that go to the nature of the offender. (See *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) But we did not decide whether section 654 applies to enhancements that go to the nature of the offense. (*People v. Coronado*, *supra*, at p. 157.) In several cases after *Coronado*, we have noted but declined to decide the general question regarding section 654 and instead resolved the specific issue solely by examining the relevant sentencing statutes themselves. (*People v. Rodriguez*, *supra*, at p. 507; *People v. Palacios* (2007) 41 Cal.4th 720, 728; *People v. Oates* (2004) 32 Cal.4th 1048, 1066, fn. 7; *People v. Masbruch* (1996) 13 Cal.4th 1001, 1013.)

As we noted in *People v. Coronado*, *supra,* 12 Cal.4th at page 157, "the appellate courts have disagreed on whether section 654 applies to enhancements." The disagreement persists, although the modern trend has been for courts to hold, or at least assume, that section 654 does apply to enhancements that go to the nature of the offense, and then either to apply that section or find that the specific statutes provide an exception to it. (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1218-1221 [holding that § 654 precludes imposing the specific enhancement at issue and not deciding the broader question of § 654's application to enhancements in general]; *People v. Chaffer* (2003) 111 Cal.App.4th 1037, 1044-

5

1046 [the specific statute operates as an implied exception to § 654]; *People v. Reeves* (2001) 91 Cal.App.4th 14, 54-57 [§ 654 does apply to enhancements]; *People v. Arndt* (1999) 76 Cal.App.4th 387, 394-396 [§ 654 does apply to enhancements]; *People v. Douglas* (1995) 39 Cal.App.4th 1385 [§ 654 does apply to enhancements].)

Often the sentencing statutes themselves will supply the answer whether multiple enhancements can be imposed. Examples can be found in the several decisions from this court in which we noted but did not resolve the section 654 question because we decided the question solely by considering the specific statutes. When this is the situation, recourse to section 654 will be unnecessary because a specific statute prevails over a more general one relating to the same subject. (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 942.) The court should simply apply the answer found in the specific statutes and not consider the more general section 654.

Only if the specific statutes do not provide the answer should the court turn to section 654. When that section was enacted in 1872, sentence enhancements as we know them today did not exist. But on its face, its language applies to enhancements. Enhancements are "provisions of law" under which an "act or omission" is "punishable." Accordingly, as a default, section 654 does apply to enhancements when the specific statutes do not provide the answer.

But enhancements are different from substantive crimes, a difference that affects *how* section 654 applies to enhancements. Provisions describing substantive crimes, such as the assault with a firearm of this case, generally define criminal *acts*. But enhancement provisions do not define criminal acts; rather, they increase the punishment for those acts. They focus on *aspects* of the criminal act that are not always present and that warrant additional punishment. (See

6

*People v. Coronado*, *supra*, 12 Cal.4th at p. 157; *People v. Hernandez*, *supra*, 46 Cal.3d at pp. 207-208.) **3**

Sometimes separate enhancements focus on different aspects of the criminal act. Here, for example, the personal use of a firearm and the infliction of great bodily injury arose from the same criminal act — shooting the victim. The personal use of a firearm was an aspect of that act that, the Legislature has determined, warrants additional punishment; similarly, the infliction of great bodily injury is a different aspect of that act that, the Legislature has determined, also warrants additional punishment. Conversely, sometimes separate enhancements focus on the same aspect of a criminal act. For example, numerous weapon enhancements exist. (E.g., §§ 12022, subd. (a) [being armed with a firearm], 12022.5 [use of a firearm], and 12022.53, subd. (b) [use of a firearm in the commission of specified offenses], 12022.53, subd. (c) [discharging a firearm in the commission of specified offenses].) As another example, numerous great-bodily-injury enhancements exist. (E.g., § 12022.7, subd. (a) [a general great-bodily-injury enhancement], subd. (b) [great bodily injury causing the victim to become comatose or suffer permanent paralysis], subd. (c) [great bodily injury on a person 70 years of age or older], subd. (d) [great bodily injury on a child under the age of five years], and subd. (e) [the enhancement in this case].)

In this case, both the firearm use and the infliction of great bodily injury were part of the same physical act as the substantive crime itself. If section 654

---

**3** *People v. Coronado*, *supra*, 12 Cal.4th at page 157, says enhancements involve "circumstances" of the crime (italics deleted); *People v. Hernandez*, *supra*, 46 Cal.3d at pages 207-208, uses the word "element." Other words such as "factor" could also be used. In this context, we prefer to use the word "aspect" to avoid confusion with the special circumstances described in section 190.2, the aggravating factors described in section 190.3, or the term "elements of the crime" commonly used to describe what must be proven to establish a crime.

barred *any* additional punishment for a single criminal act, then no enhancement at all would be permitted, a result obviously inconsistent with the function of sentence enhancements. Thus, when applied to multiple enhancements for a single crime, section 654 bars multiple punishment for the same *aspect* of a criminal act.

The concurring opinion agrees that section 654 applies to sentence enhancements but criticizes the majority for explaining how it does so. Because we find that the specific statute does provide the answer (pt. II.,B., *post*), technically we could avoid the section 654 question altogether, as we have done many times in the past. But this is true of *whether* section 654 applies to enhancements as well as of *how* it does so. Providing a partial answer to the section 654 question — concluding it applies to enhancements — without providing the entire answer — explaining how it does so — would be worse than providing no answer at all. Providing only a partial answer would be confusing and potentially misleading. Today, some 34 years after the Determinate Sentencing Act took effect, we think it appropriate to explain the general method courts should employ in deciding questions like the one before us, and then to apply that method to this case.

Accordingly, applying this method, we now turn to deciding whether the court properly imposed the two enhancements of this case.

**B. Whether the court properly imposed both sentence enhancements.**

To decide this question, we turn first to the specific statute concerning the enhancements. Section 1170.1, subdivision (f), provides: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision

shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury."  Section 1170.1, subdivision (g), provides:  "When two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.  This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for being armed with or using a dangerous or deadly weapon or a firearm."

It can be readily seen that these two subdivisions mirror each other: subdivision (f) of section 1170.1 concerns weapon enhancements, and subdivision (g) of that section says the equivalent about great-bodily-injury enhancements. Together, they clearly bar imposing two or more weapon enhancements for the same offense (subd. (f)) and two or more great-bodily-injury enhancements for the same offense (subd. (g)).  The second sentence of each subdivision also seems to permit imposing both one weapon enhancement and one great-bodily-injury enhancement for the same crime when both apply.  In other words, if, as here, the defendant both uses a firearm and inflicts great bodily injury, these two subdivisions seem to permit imposing both enhancements.

The Court of Appeal found this statutory language not dispositive.  It focused on the language at the beginning of the second sentences of subdivisions (f) and (g) of section 1170.1, referring to "[t]his subdivision."  The court believed that "it is only '[t]h[ese] subdivision[s]' that do not limit the imposition of other enhancements.  Other statutes — including section 654 — may still limit the imposition of other enhancements."  However, even assuming the statutory language is ambiguous, the legislative history behind these subdivisions shows the Legislature intended to permit imposing both enhancements when both apply.

9

Section 1170.1 has been amended many times. Originally, it was numbered section 1170.1a and, in subdivision (d), provided that only one weapon enhancement or great-bodily-injury enhancement could be imposed. (Stats. 1976, ch. 1139, § 273, p. 5142.) Former section 1170.1a was amended even before it took effect and became, as it remains today, section 1170.1. (Stats. 1977, ch. 165, § 17, p. 649.) This version, the first one that actually took effect, permitted imposing both a weapon enhancement and a great-bodily-injury enhancement, but only for specified underlying offenses. Specifically, section 1170.1, former subd. (d), originally provided: "When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply; however, in cases of robbery, rape or burglary, or attempted robbery, rape or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022 or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7." (Stats. 1977, ch. 165, § 17, p. 650; see *People v. Boerner* (1981) 120 Cal.App.3d 506, 511, fn. 7.) *People v. Boerner*, *supra*, 120 Cal.App.3d 506, held that this language "expressly permits a sentencing court to impose both of the cited enhancements in cases of attempted robbery." (*Id*. at p. 511.) Because former subdivision (d) of section 1170.1 specifically addressed the question, the *Boerner* court correctly concluded that section 654 did not trump that subdivision. (*People v. Boerner*, *supra*, at p. 511.)

A few years after its original enactment, former subdivision (d) of section 1170.1 became former subdivision (e) of that section. (Stats. 1982, ch. 1551, § 1.5, p. 6049.) Over the years, this former subdivision (e) was amended several more times, sometimes in ways irrelevant here, but sometimes to add more crimes for which the trial court could impose both a weapon enhancement and a great-bodily-injury enhancement. (Stats. 1986, ch. 1429, § 1, pp. 5125-5126 [adding

10

penetration of a genital or anal opening by a foreign object, oral copulation, and sodomy, as well as an attempt to commit those crimes, and attempted murder]; Stats. 1988, ch. 1487, § 2, pp. 5273-5274 [adding lewd or lascivious acts upon or with a child under the age of 14 years accomplished by means of force or fear and kidnapping, as well as an attempt to commit those crimes]; Stats. 1992, ch. 235, § 1, p. 1031 [adding sexual battery and attempted sexual battery]; Stats. 1993, ch. 611, § 17, p. 3525 [adding carjacking and attempted carjacking]; Stats. 1994, ch. 1188, § 12.7, pp. 7201-7202 [adding spousal rape and attempted spousal rape].)[4]

During this time, another decision construed the statute. (*People v. Ferrell* (1990) 218 Cal.App.3d 828.) In *Ferrell*, the trial court imposed both a weapon enhancement and a great-bodily-injury enhancement for aggravated mayhem, a crime never listed among the specified exceptions in section 1170.1, former subdivision (e). The appellate court held the trial court erred in imposing both enhancements. (*People v. Ferrell*, *supra*, at p. 836.) Because the relevant statute

---

[4]     The last version of section 1170.1, former subdivision (e), provided: "When two or more enhancements under Sections 12022, 12022.4, 12022.5, 12022.55, 12022.7, and 12022.9 may be imposed for any single offense, only the greatest enhancement shall apply. However, in cases of lewd or lascivious acts upon or with a child under the age of 14 years accomplished by means of force or fear, as described in Section 288,  kidnapping, as defined in Section 207, sexual battery, as defined in Section 243.4, spousal rape, as defined in Section 262, penetration of a genital or anal opening by a foreign object, as defined in Section 289, oral copulation, sodomy, robbery, carjacking, rape or burglary, or attempted lewd or lascivious acts upon or with a child under the age of 14 years accomplished by means of force or fear, kidnapping, sexual battery, spousal rape, penetration of a genital or anal opening by a foreign object, oral copulation, sodomy, robbery, carjacking, rape, murder, or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022, 12022.4, or subdivision (a) of, or paragraph (2) of subdivision (b) of, Section 12022.5 and (2) one enhancement for great bodily injury as provided in either Section 12022.7 or 12022.9." (Stats. 1994, ch. 1188, § 12.7, pp. 7201-7202.)

11

clearly prohibited both of the enhancements, the *Ferrell* court could find the trial court had erred, simply by referring to that statute. It did not need to, and did not, refer to section 654.

We thus see that before subdivisions (f) and (g) of section 1170.1 were amended to read as they do today, that section generally prohibited imposing both a weapon enhancement and a great-bodily-injury enhancement, but it listed a growing number of crimes that constituted *exceptions* to the general rule. For the listed crimes, the court *could* impose both of these enhancements. As the number of exceptions grew, they came ever closer to swallowing the rule.

In 1997, the Legislature replaced former subdivision (e) of section 1170.1 with subdivisions (f) and (g). (Stats. 1997, ch. 750, § 3, p. 5067, enacting Sen. Bill No. 721 (1997-1998 Reg. Sess.) (Senate Bill No. 721).) Those subdivisions have remained unchanged since then. Legislative history materials regarding Senate Bill No. 721 explain the purpose for the change.

The reports of the Senate and Assembly Committees on Public Safety provided a detailed analysis of the bill's proposed changes. The Senate committee report stated that under existing law, "[t]here are rules . . . limiting enhancements for both weapons and injuries. There are various exceptions to those rules. [¶] This bill would repeal those limitations." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 721, p. 1.) It also stated that "the bill eliminates the double enhancement limitation [no double enhancement for both weapon and injury for certain felonies]. This limitation impacts a few crimes when the defendant both uses a weapon and inflicts great bodily injury. The original impact was so unjust that the limitation has been almost amended out of existence. The last remnants of this terrible policy mistake must be eliminated." (*Id*. at p. 4.) Later the report added: "Only one sentencing enhancement may be imposed under existing law when both a weapon and an injury are involved. (Penal Code Section

12

1170.1(e)[.])  This 'rule' does not apply to the following:  [¶]  [listing the exceptions].  [¶]  This bill would eliminate the 'double enhancement' limitation and its many exceptions."  (*Id*. at pp. 5-6.)

The report of the Assembly Committee on Public Safety is similar in this regard.  It stated that under existing law, "if a defendant is charged with at least two enhancements for infliction of GBI [great bodily injury] and/or use of a specified weapon, the court may only sentence the defendant to the greatest of those enhancements (except in specified circumstances).  (Penal Code Section 1170.1(e).)"  (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 721 as amended July 10, 1997, p. 2.)  It then stated the following:  "4)  More Enhancements To Punish Defendants Who Inflict GBI and Use a Weapon.  Under current law, if a defendant is charged with at least two enhancements for inflicting GBI and/or using a specified weapon, the judge may only sentence him or her on the greatest of those enhancements except in specified circumstances.  [¶]  This bill increases the punishment for defendants charged with these multiple enhancements.  This bill allows a judge to impose the greatest enhancement (that is charged and proven) for use of a weapon, as well as the greatest enhancement (that is charged and proven) for infliction of GBI."  (*Id*. at p. 5.)

The history of the amendments of section 1170.1 leading to its current subdivisions (f) and (g), as well as the committee reports on Senate Bill No. 721, make clear the Legislature that enacted those subdivisions intended to permit the sentencing court to impose both one weapon enhancement and one great-bodily-enhancement for *all* crimes.

Defendant argues that the rule of "lenity," whereby courts resolve doubts about the meaning of penal statutes in the defendant's favor, compels the conclusion that only one enhancement may be imposed here.  (See *People v. Avery* (2002) 27 Cal.4th 49, 57.)  We disagree.  "[A]lthough true ambiguities are

13

resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (*Id*. at p. 58.) We can fairly discern a legislative intent to permit imposition of one weapon enhancement and one great-bodily-injury enhancement. Because section 1170.1 provides the answer to the question of this case, we do not consider section 654.

Accordingly, we conclude that the trial court properly imposed both the great-bodily-injury and the firearm-use enhancements. The Court of Appeal erred in concluding otherwise.

### III. CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with this opinion.

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C.J.
KENNARD, J.
BAXTER, J.
CORRIGAN, J.

14

**CONCURRING OPINION BY LIU, J.**

I agree with the majority that the prohibition against multiple punishment for a single act or omission in Penal Code section 654 applies to sentence enhancements, but that subdivisions (f) and (g) of Penal Code section 1170.1 permit imposing enhancements for both using a firearm and inflicting great bodily injury in the present case. These conclusions resolve this case. Accordingly, I do not join in that portion of the majority opinion that discusses *how* section 654 applies to enhancements. (Maj. opn., *ante*, at pp. 6-8.) The wisdom and workability of the rule that "when applied to multiple enhancements for a single crime, section 654 bars multiple punishment for the same *aspect* of a criminal act" are difficult to determine in the abstract. I would not opine on how section 654 applies to enhancements until we are called upon to resolve an actual dispute on that question. Until such a concrete dispute arises, the Legislature may wish to clarify the scope of Penal Code section 654 in general, and how that statute applies to criminal sentence enhancements in particular.

LIU, J.

I CONCUR:  WERDEGAR, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Ahmed

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 191 Cal.App.4th 1407
**Rehearing Granted**

_____

**Opinion No.** S191020
**Date Filed:** December 22, 2011

_____

**Court:** Superior
**County:** Riverside
**Judge:** Sharon J. Waters

_____

**Counsel:**

Phillip I. Bronson, under appointment by the Supreme court, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil Gonzalez, Vincent P. LaPietra, Andrew S. Mestman, Steve Oetting and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Phillip I. Bronson
P.O. Box 57768
Sherman Oaks, CA  91413-7768
(818) 784-9702

Tami Falkenstein Hennick
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA  92101
(619) 645-2274