Filed 1/6/14  P. v. Anderson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AMBER VIRGINIA ANDERSON,<br><br>    Defendant and Appellant. | F064733<br><br>(Super. Ct. No. F11904013)<br><br><br>**OPINION** |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISAAC VANDRELL BROWN,<br><br>    Defendant and Appellant. | F064786<br><br>(Super. Ct. No. F11904013)<br><br><br>Fresno County |

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Marilyn G. Burkhardt, under appointment by the Court of Appeal, for Amber Virginia Anderson, Defendant and Appellant.

Michael B. McPartland, under appointment by the Court of Appeal, for Isaac Vandrell Brown, Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendants Amber Virginia Anderson (Anderson) and Isaac Vandrell Brown (Brown) stand convicted of multiple offenses arising from a crime spree they allegedly perpetrated in the summer of 2011.[1]  They were accused and convicted of robbing multiple victims over a span of several days.

The only substantive dispute[2] between the parties on appeal relates to whether the sentencing court violated Penal Code[3] section 654 in imposing prison terms on two firearm enhancements.  We conclude the court did not violate section 654.

In accordance with two concessions offered by the Attorney General, we order modifications to the abstract of judgment and to Anderson's sentence on count 6.  We otherwise affirm.

---

[1] Defendant Anderson's appeal is our case number F064733, and defendant Brown's appeal is our case number F064786.  On our own motion, this court consolidated the two appeals.

[2] All other issues raised by defendants are conceded by the Attorney General.

[3] All subsequent statutory references are to the Penal Code unless otherwise specified.

2.

# BACKGROUND

<u>Case No. F064733</u>

A jury convicted appellant Anderson of two counts of second degree robbery (counts 4 and 8; § 211); two counts of assault with a firearm (counts 5 and 9; § 245, subd. (a)(2)); one count of dissuading a witness from reporting a crime (count 6; § 136.1, subd. (b)(1)), and one count of receiving a stolen vehicle (count 11; § 496d, subd. (a)). The jury also found the following enhancements true: on count 8, Anderson personally used a firearm within the meaning of section 12022.53, subdivision (b); on count 9, Anderson personally used a firearm within the meaning of section 12022.5, subdivision (a)(1); on counts 4 through 6 and 11, a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1).

The court imposed an aggregate prison term of 20 years 4 months. The sentence included a term of four years on count 6.

<u>Case No. F064786</u>

The same jury convicted appellant Isaac Vandrell Brown (Brown) of three counts of second-degree robbery (counts 1, 4 and 8; § 211); two counts of being a felon in possession of a firearm (counts 2 and 7; § 12021, subd. (a)(1); one count of making a criminal threat (count 3; § 422); two counts of assault with a firearm (count 5 and 9; § 245, subd. (a)(2)); one count of dissuading a witness from reporting a crime (count 6; § 136.1, subd. (b)(1)); two counts of unlawfully taking a vehicle (counts 10 and 12; Veh. Code, § 10851, subd. (a)); and two counts of receiving a stolen vehicle (counts 11 and 13; §496d, subd. (a)). The jury could not reach a verdict on an additional count of being a felon in possession of a firearm (count 14; § 12021, subd. (a)(1)). The jury also found the following enhancements true: on counts 1 and 4, Brown used a firearm within the meaning of section 12022.53, subdivision (b); on counts 3, 5, and 6, Brown used a firearm within the meaning of section 12022.5, subdivision (a)(1); as to counts 7, 8, and

3.

11, a principal used a firearm within the meaning of section 12022, subdivision (a)(1); Brown had suffered a prior conviction for receiving a stolen vehicle within the meaning of section 666.5. The jury was unable to reach a finding on two additional weapons enhancements on counts 12 and 13. (§ 12022.5, subd. (a)(1).) The court declared a mistrial as to these two enhancements and as to count 14; the prosecutor subsequently dismissed all three.

The court imposed an aggregate prison term of 29 years.

## FACTS[4]

On the afternoon of July 4, 2011, Lourdes Ventura (Ventura) was returning home from work. Alone, Ventura walked towards her apartment. She observed a man kicking her door. Ventura approached the man and asked why he was kicking her door. In court, Ventura identified the man as defendant Brown.

Brown pulled out a gun and pointed it at Ventura's forehead. He told her to "not say nothing [*sic*]." Ventura called 9-1-1 on her cell phone. Brown told Ventura hang up the "f**king" phone, or he would kill her. Ventura did not comply, and Brown grabbed the phone and disconnected the call.

Brown continued to kick the door to the apartment. Brown asked Ventura for the keys. She responded that she did not have the keys.

A woman exited a nearby Jeep and approached Ventura. Ventura identified the woman at trial as defendant Anderson. Anderson said, " 'Give me your bag, B*tch' "

---

[4] As noted *ante*, appellants were convicted for multiple separate robberies. However, the only disputed issue on appeal involves the facts surrounding the robbery, assault and dissuasion of Lourdes Ventura. We do not discuss the facts surrounding the other crimes. (Cf. *A.H. v. Superior Court* (2013) 219 Cal.App.4th 1379, 1384, fn. 3 ["In this opinion, we provide only those facts that are relevant to the issues presently before us …"].)

and snatched Ventura's lunch bag from her shoulder. Anderson told Ventura that if she screamed, they would shoot her.

Brown and Anderson got into the Jeep. Brown told Ventura not to scream or say anything, otherwise he would return and shoot her. Brown and Anderson then left in the vehicle, while Anderson still had Ventura's lunch bag.

Later, Ventura met with a police detective and positively identified Brown and Anderson in photographic lineups.

The Ventura incident gave rise to the robbery charge against each defendant in count 4 and the dissuasion charge against each defendant in count 6.

## DISCUSSION

### I. THE TRIAL COURT DID NOT VIOLATE SECTION 654

Each defendant was charged with, and convicted of, one count of robbery (count 4) and one count of dissuading a witness from reporting a crime (count 6) in connection with the assault on Ventura. The jury found weapons enhancements as to both counts true,[5] and the court imposed consecutive prison terms on each of the two enhancements. Each defendant contends this was error under section 654. They contend that both firearm enhancements were based on a single physical act: Brown's use of a firearm during the crimes against Ventura. The Attorney General argues that section 654 does not apply and was not violated.

Section 654, subdivision (a) states, in part:

> "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for

---

[5] Brown's weapons enhancements on counts 4 and 6 were based on his personal use of a firearm. (§§ 12022.53, subd. (b), 12022.5, subd. (a)(1).) Anderson's weapons enhancements on counts 4 and 6 were based on Brown's use of a firearm. (§ 12022, subd. (a)(1).)

the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.…"

This provision prohibits multiple punishments for: (1) a single act; (2) a single omission; or (3) a single indivisible course of conduct. (*People v. Deloza* (1998) 18 Cal.4th 585, 591.)

All three parties cite *People v. Ahmed* (2011) 53 Cal.4th 156 (*Ahmed*) in their discussion of this issue. But, "[i]n *Ahmed*, the court addressed whether and how section 654 applies to the imposition of *multiple enhancements* for a *single crime*." (*People v. Calderon* (2013) 214 Cal.App.4th 656, 662, original italics, fn. omitted.) Here, we are dealing with multiple enhancements for multiple, separate crimes (i.e., robbery and dissuasion). The analysis is different when considering two enhancements attached to different underlying crimes.

"[S]eparate enhancements – even under the same statute – may be imposed for each conviction arising out of a separate criminal act. [Citations.]" (*People v. Wooten* (2013) 214 Cal.App.4th 121, 130-131 (*Wooten*).) "So long as the conduct giving rise to the convictions of separate substantive offenses … arises from separate … acts, neither section 654 nor *Ahmed*, *supra*, 53 Cal.4th 156 [] requires the staying of the [punishment on the] attached enhancements." (*Wooten*, *supra*, 214 Cal.App.4th at p. 131.)

Here, the dissuasion and robbery convictions arise from separate criminal acts. [6] The robbery conviction arose from the physical act of taking Ventura's bag from her

---

[6] This fact distinguishes cases cited by defendant, such as *People v. Reeves* (2001) 91 Cal.App.4th 14 (*Reeves*). In *Reeves*, the defendant was convicted of burglary and assault. Each conviction was enhanced with a bodily injury enhancement. The *Reeves* court found section 654 prevented imposition of punishment on both enhancements. The court cited the holding of *People v. Moringlane* (1982) 127 Cal.App.3d 811: " '[S]ection 654 … prohibits the imposition of multiple enhancements *for the single act* of inflicting great bodily injury upon one person.' [Citations.]" (*Reeves*, *supra*, 91 Cal.App.4th at pp. 56-57, italics added.) But this is not a case of a single physical act resulting in multiple enhancements. Rather, it is a case of multiple physical acts (using a firearm while taking Ventura's bag and using a firearm while smashing Ventura's phone) giving

person by means of force or fear (see § 211), while the dissuasion conviction arose from the physical act of smashing Ventura's cell phone to prevent her from reporting a crime.[7] (§ 136.1, subd. (b)(1).) Because these are separate acts, the *Wooten* test is satisfied. (*Wooten*, *supra*, 213 Cal.App.4th at pp. 130-131.) Section 654 does not require punishment on either enhancement be stayed. (*Ibid*.)

## II.    WE MODIFY ANDERSON'S SENTENCE ON COUNT 6

Anderson contends the court erred in sentencing her to four years on count 6, rather than three years. Respondent concedes this issue. We agree, and accept the concession.

Under section 1170.15, the "subordinate term" for an applicable dissuasion conviction "*shall* consist of the full *middle* term of imprisonment." (§ 1170.15, italics added.) Here, that middle term was two years. (§ 18.) Thus, when the one-year enhancement under section 12022, subdivision (a)(1) is added, the sentence on count 6 should have been three years, not four.

We order Anderson's sentence on count 6 modified to reflect a sentence of three years. (§ 1260.)

## III.    THE ABSTRACT OF JUDGMENT SHOULD BE AMENDED

The parties concur that the abstract of judgment should be amended. We agree and order the abstract of judgment modified to separately list the base term, enhancements and enhancement terms for counts 4, 8, and 11 for defendant Brown and counts 4 and 11 for defendant Anderson.

---

rise to multiple enhancements. Section 654 does not prohibit punishment for each enhancement in this circumstance.

[7] Arguably, the dissuasion conviction could also have arisen from Brown's physical act of commanding Ventura to hang up the phone.

## DISPOSITION

Anderson's prison sentence on count 6 is modified from four years to three years. The matter is remanded to the trial court to amend the abstract of judgment to: (1) separately list the base term, enhancements and enhancement terms as to both defendants, and (2) reflect a modified prison term of three years on count 6 as to defendant Anderson only. The court is directed to transmit certified copies of the amended abstract to all appropriate parties and entities. In all other respects, the judgment is affirmed.

_____
Poochigian, J.

WE CONCUR:


_____
Levy, Acting P.J.


_____
Detjen, J.

8.