Filed 11/13/14  P. v. Caldwell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075066 |
| v. | (Super. Ct. No. CRF131075) |
| KORY BLAINE CALDWELL, | |
| Defendant and Appellant. | |

A jury convicted defendant Kory Blaine Caldwell of transportation of a controlled substance (count 1), possession of a controlled substance for sale (counts 2 and 3), being a felon in possession of a firearm (count 4), being a felon in possession of ammunition (count 5), and possession of a switchblade knife in a vehicle (count 6).  In addition, the jury found true an enhancement allegation that defendant was personally armed with a firearm during the commission of the offense charged in count 3, and the trial court found

1

true enhancement allegations that defendant had a prior drug conviction and a prior prison term. The trial court sentenced defendant to an aggregate of 12 years in prison.

In his first contention on appeal, defendant claims his count 2 conviction for possession of a controlled substance for sale must be stricken because the conduct alleged in counts 2 and 3 amounted to a single crime. The Attorney General agrees, and we do too.

In his second contention, defendant argues his three-year concurrent sentence on count 4 for being a felon in possession of a firearm should be stayed pursuant to Penal Code section 654, because he was punished for the same possession on the enhancement to count 3. We conclude the substantive criminal act in count 4 was not the same as the "aspect" of the substantive criminal act in count 3 requiring increased punishment, and thus Penal Code section 654 does not require a stay of defendant's concurrent sentence on count 4.

We will strike defendant's conviction and sentence on count 2 for possession of a controlled substance for sale. This will not affect his aggregate sentence because the trial court had stayed his count 2 sentence pursuant to Penal Code section 654. In all other respects, we will affirm the judgment.

BACKGROUND

Defendant rented a storage unit at Streng Storage. Agent Jeff Moe, with the City of Woodland Police Department, was investigating defendant and saw him drive into the storage facility.

When defendant left the facility, officers searched him and the vehicle, finding 12.79 grams of methamphetamine, $150 in cash, 3.5 grams of marijuana, and a switchblade. In a search of defendant's storage unit, officers found two digital scales (one with a cup of methamphetamine on top), four packages of methamphetamine, sandwich bags, a .380-caliber gun in a pocket of a hanging jacket, a box of .22-caliber

long rifle cartridges, and $2,994 in cash. Agent Moe offered his expert opinion that defendant possessed the methamphetamine for sale.

The jury found defendant guilty of transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a) -- count 1), possession of a controlled substance for sale (Health & Saf. Code, § 11378, subd. (a) -- counts 2 and 3), being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a) -- count 4), being a felon in possession of ammunition (Pen. Code, § 30305, subd. (a) -- count 5), and misdemeanor possession of a switchblade knife in a vehicle (former Pen. Code, § 653k[1] -- count 6). On count 3, the jury found true an enhancement allegation that defendant was personally armed with a firearm during the commission of the offense. (Pen. Code, § 12022, subd. (c).) In bifurcated proceedings, the trial court found true enhancement allegations that defendant had a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)) and a prior prison term (Pen. Code, § 667.5, subd. (b)).

The trial court sentenced defendant to 12 years in prison, consisting of the following: three years on count 3 (possession of a controlled substance for sale), plus five years for the firearm enhancement and three years for the prior drug conviction; and a consecutive one-year term for the prior prison term. The trial court also imposed the following concurrent terms: four years on count 1 (transportation of a controlled substance), plus three years for the prior drug conviction; three years on count 4 (being a felon in possession of a firearm); three years on count 5 (being a felon in possession of ammunition); and 180 days on count 6 (misdemeanor possession of a switchblade knife in a vehicle). The trial court stayed sentence on count 2 (possession of a controlled

---

[1] Former Penal Code section 653k was repealed operative January 1, 2012; the statutory prohibition against possession of a switchblade knife with a blade two inches or more in length is now set forth in Penal Code section 21510 (with definitions in Penal Code sections 16965 and 17235). (Stats. 2010, ch. 711, § 6, operative Jan. 1, 2012.)

3

substance for sale). In addition, the trial court awarded defendant 400 days of presentence custody credit and imposed various fines and fees.

DISCUSSION

I

Defendant contends his count 2 conviction for possession of a controlled substance for sale must be stricken because the conduct alleged in counts 2 and 3 amounted to a single crime. The Attorney General agrees.

" 'A single crime cannot be fragmented into more than one offense. [Citation.]' (*People v. Rouser* (1997) 59 Cal.App.4th 1065, 1073; [citations].)" (*In re Carleisha P.* (2006) 144 Cal.App.4th 912, 919.) Simultaneous possession of the same classification of controlled substances at different locations constitutes a single crime. (*People v. Schroeder* (1968) 264 Cal.App.2d 217, 228.) A defendant cannot receive multiple convictions for simultaneous possession of the same controlled substance. (*People v. Harris* (1977) 71 Cal.App.3d 959, 969-970.)

Here, officers found 12.79 grams of methamphetamine in defendant's pants and on the same date found additional usable amounts of methamphetamine in his storage unit. Because defendant possessed the same controlled substance on the same date at different locations, he could only be convicted of one offense. We will strike the count 2 conviction and stayed sentence.

II

Defendant next contends his three-year concurrent sentence on count 4 for being a felon in possession of a firearm should be stayed pursuant to Penal Code section 654, because he was punished for the same possession on the enhancement to count 3.

Pursuant to Penal Code section 654, subdivision (a), an act "that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." The subdivision concerns

4

multiple punishment, not multiple convictions.  (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)  It prohibits multiple punishment "to insure that the defendant's punishment will be commensurate with his criminal liability."  (*Neal v. State of California* (1960) 55 Cal.2d 11, 20, disapproved of on a different point by *People v. Correa* (2012) 54 Cal.4th 331.)

Defendant points out that in *People v. Jones* (2012) 54 Cal.4th 350, the California Supreme Court held that "a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654."  (*Id*. at p. 357.)  But in *Jones*, the defendant was convicted of three substantive offenses for carrying a firearm.  (*Id*. at p. 352.)  He was not separately punished for an enhancement and a substantive offense, as defendant was in this case.

Defendant also cites the California Supreme Court's decision in *People v. Ahmed* (2011) 53 Cal.4th 156 (*Ahmed*).  According to defendant, in *Ahmed* "the California Supreme Court held that when a specific enhancement statute does not provide otherwise, the pla[i]n language of Penal Code section 654 applies to enhancements."

*Ahmed* involved the application of Penal Code section 654 to the imposition of multiple enhancements for a single crime.  (*Ahmed, supra,* 53 Cal.4th at pp. 160-161.)  It did not address the circumstances here, involving punishment for an enhancement and a separate substantive offense.  In that case, the Supreme Court said:  "Often the sentencing statutes themselves will supply the answer whether multiple enhancements can be imposed. . . .  The court should simply apply the answer found in the specific statutes and not consider the more general section 654.  [¶]  Only if the specific statutes do not provide the answer should the court turn to section 654."  (*Id*. at p. 163.)  The Supreme Court recognized that Penal Code section 654 applies to enhancements when the specific statutes do not provide the answer.  (*Ahmed, supra,* 53 Cal.4th at p. 163.)  But the court also explained that enhancements are different from substantive crimes:  provisions describing substantive crimes define criminal acts; enhancement provisions increase

5

punishment for aspects of those criminal acts. (*Ibid*.) The Supreme Court noted that "[i]f section 654 barred *any* additional punishment for a single criminal act, then no enhancement at all would be permitted, a result obviously inconsistent with the function of sentence enhancements." (*Ahmed, supra,* 53 Cal.4th at p. 164.) The court determined that "when applied to multiple enhancements for a single crime, section 654 bars multiple punishment for the same *aspect* of a criminal act." (*Ibid*.) As the Court of Appeal explained in *People v. Dydouangphan* (2012) 211 Cal.App.4th 772 (*Dydouangphan*), "[i]t is illogical to use a provision intended to increase punishment for an aspect of a criminal act to preclude punishment for the criminal act itself." (*Id*. at p. 785.)

*Dydouangphan* is instructive. In that case, the defendant was convicted of shooting at an occupied vehicle, with an enhancement for personally discharging a firearm resulting in great bodily injury or death. (*Dydouangphan*, *supra*, 211 Cal.App.4th at p. 777.) He was also convicted of voluntary manslaughter and assault with a firearm. (*Ibid*.) The defendant in that case sought a stay of his concurrent sentence on the voluntary manslaughter conviction, arguing that the enhancement punished him for the same conduct. (*Dydouangphan*, *supra*, 211 Cal.App.4th at pp. 777, 781-782.) The Court of Appeal held that Penal Code section 654 did not require a stay of the voluntary manslaughter sentence, notwithstanding the enhancement. (*Id*. at pp. 785-786.)

Extending the logic and analysis in *Ahmed* and *Dydouangphan*, we conclude the substantive criminal act in count 4 -- being a felon in possession of a firearm -- was not the same as the "aspect" of the substantive criminal act in count 3 requiring increased punishment, i.e., being personally armed with a firearm while in possession of a controlled substance for sale, and it would not make sense in this context for the enhancement to prevent punishment for the substantive criminal act. Accordingly, Penal Code section 654 does not require a stay of defendant's three-year concurrent sentence on count 4.

6

DISPOSITION

The judgment is modified to strike the conviction and stayed sentence on count 2 for possession of a controlled substance for sale. In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


           MAURO          , J.


We concur:


       RAYE       , P. J.


       BLEASE      , J.