CHIN, J.,
Dissenting. — Among other crimes, defendant Down George Yang was convicted of assault with a semiautomatic firearm under Penal Code section 245, subdivision (b), a crime that Penal Code section 1192.7, subdivision (c)(31), defines as a “ ‘serious felony.’ ”[1] The jury also found true that he committed that crime to benefit a criminal street gang under section 186.22, subdivision (b)(1), which requires the court to enhance the punishment for a serious felony by an additional five years. The majority, however, relying on section 1170.1, subdivision (f), as interpreted in People v. Rodriguez (2009) 47 Cal.4th 501 [98 Cal.Rptr.3d 108, 213 P.3d 647] (Rodriguez), overrides this clear legislative mandate and prohibits imposition of the enhanced penalty for committing a serious felony to benefit a criminal street gang.
I dissent. This case is entirely different from Rodriguez, supra, 47 Cal.4th 501; the difference demands a different result. In Rodriguez, imposing the gang enhancement for a violent felony would have caused a firearm use enhancement to be used twice, in violation of section 1170.1, subdivision (f). Here, imposing the gang enhancement for a serious felony does not duplicate any firearm enhancement. Accordingly, section 1170.1, subdivision (f), permits, rather than prohibits, imposition of the gang enhancement for a serious felony.
The issue here should be straightforward. Section 186.22, subdivision (b)(1), requires enhanced punishment if the jury finds the defendant committed a felony to benefit a criminal street gang. The prescribed punishment is as follows:
*430 “(A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court’s discretion.
“(B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years.
“(C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years.” (Italics added.)
Subdivision (c)(31) of section 1192.7 defines “serious felony” as including “assault with a . . . semiautomatic firearm ... in violation of Section 245,” which is precisely the underlying offense in this case. Because section 1192.7, subdivision (c)(31), defines the underlying offense as a serious felony, section 186.22, subdivision (b)(1)(B), requires the trial court to impose an additional term of five years for that offense. The statutory language could hardly be clearer.
To avoid this statutory mandate, the majority invokes section 1170.1, subdivision (f), as somehow prohibiting imposition of the gang enhancement for the underlying serious felony of assault with a semiautomatic firearm. That subdivision provides in its entirety: “When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury.” (Italics added.) Clearly, this provision prohibits imposition of two or more weapon enhancements, but it also expressly permits imposition of other types of enhancement in addition to a weapon enhancement. The enhancement under section 186.22, subdivision (b)(1), is a gang enhancement, not a weapon enhancement. Therefore, section 1170.1, subdivision (f), permits, rather than prohibits, imposition of the gang enhancement for a serious felony.
The majority finds somehow relevant the fact that the jury also found true an enhancement allegation that defendant personally used a firearm in committing the underlying offense of assault with a semiautomatic firearm. But, as noted, section 1170.1, subdivision (f), permits imposition of other enhancements (such as a gang enhancement) in addition to imposition of a weapon enhancement.
This brings us to Rodriguez, supra, 47 Cal.4th 501. In Rodriguez, the defendant was convicted of assault with a firearm under section 245, and the *431 jury found true a personal firearm use enhancement under former section 12022.5 and a gang enhancement under section 186.22, subdivision (b)(1). But the issue in Rodriguez was whether the trial court could impose the 10-year enhancement for a violent felony under section 186.22, subdivision (b)(1)(C). The underlying felony qualified as a violent felony under section 667.5 only because it was a “felony in which the defendant uses a firearm which use has been charged and proved as provided in . . . Section 12022.5 ____” (§ 667.5, subd. (c)(8).)
In Rodriguez, supra, 47 Cal.4th 501, there was only one weapon enhancement (the one under former § 12022.5), but, if the gang enhancement for a violent felony had been imposed, that same enhancement would have been used twice — once to impose the firearm use enhancement itself, and again to make the underlying crime a violent felony. The question before us was whether using the same weapon enhancement twice would violate the proscription in section 1170.1, subdivision (f), against multiple weapon enhancements. In an opinion in which I joined, we answered the question in the affirmative; using the same weapon enhancement twice would run afoul of section 1170.1, subdivision (f). Our explanation for this conclusion distinguishes that case from this:
“[W]hen the crime is a ‘violent felony, as defined in subdivision (c) of Section 667.5,’ section 186.22’s subdivision (b)(1)(C) calls for additional punishment of 10 years. Here, defendant became eligible for this 10-year punishment only because he ‘use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.’ (§ 667.5, subd. (c)(8).) Thus, defendant’s firearm use resulted in additional punishment not only under section 12022.5’s subdivision (a) (providing for additional punishment for personal use of a firearm) but also under section 186.22’s subdivision (b)(1)(C), for committing a violent felony as defined in section 667.5, subdivision (c)(8) (by personal use of firearm) to benefit a criminal street gang. Because the firearm use was punished under two different sentence enhancement provisions, each pertaining to firearm use, section 1170.1’s subdivision (f) requires imposition of ‘only the greatest of those enhancements’ with respect to each offense.” (Rodriguez, supra, 47 Cal.4th at p. 509, original italics.)
Our italicizing the word “only” in this discussion from Rodriguez makes clear that our holding was predicated on the fact that the underlying felony was “violent” only due to the section 12022.5 enhancement for personal firearm use. Here, in contrast to Rodriguez, defendant’s felony conviction qualifies as a serious felony not because of any firearm use enhancement. Instead, the underlying crime — assault with a semiautomatic firearm — itself qualifies as a serious felony because section 1192.7, subdivision (c)(31), *432 makes assault with a semiautomatic firearm a serious felony.[2] A substantive crime is not an enhancement. (People v. Morris (1988) 46 Cal.3d 1, 16 [249 Cal.Rptr. 119, 756 P.2d 843].) Accordingly, there simply is no dual use of a weapon enhancement.
Not only does the statutory language mandate imposition of the gang enhancement for a serious felony, it makes eminent sense for the Legislature to prescribe separate punishment for (1) the underlying crime of assault with a semiautomatic firearm, (2) for defendant’s personal use of a firearm in the commission of that crime, and (3) for defendant’s committing a serious felony to benefit a criminal street gang. Each punishes a different ’aspect of defendant’s criminal behavior.
Normally, the firearm use enhancement may not be imposed if “use of a firearm is an element of that offense.” (Former § 12022.5, subd. (a).) But section 12022.5, subdivision (d), states that notwithstanding this limitation, “the additional term provided by this section shall be imposed for any violation of Section 245 if a firearm is used . . . .”
The majority seems bemused by the fact the Legislature permits a firearm use enhancement to attach to a conviction for assault with a firearm. It states that “despite the fact that defendant Yang’s section 245, subdivision (b) violation included the element of the use of a semiautomatic firearm, his crime is not exempt from enhancement under section 12022.5.” (Maj. opn., ante, at p. 420, fn. 3.) But the explanation for the Legislature’s action is simple. As we recently explained, the firearm use enhancement does not duplicate the underlying offense of assault with a firearm. “A defendant may be vicariously guilty of assault with a firearm even if that defendant did not personally use the firearm. [Citation.] But the firearm-use enhancement applies only to a defendant who ‘personally uses’ the firearm. [Citations.] Thus, the enhancement does not attach to everyone guilty of assault with a firearm but only to those who personally use the firearm.” (People v. Ahmed (2011) 53 Cal.4th 156, 161-162, fn. 2 [133 Cal.Rptr.3d 856, 264 P.3d 822].)
Thus, it is logical for the Legislature to punish a defendant’s personal firearm use in addition to punishing the underlying crime of assault with a *433 firearm, which does not require personal use. Similarly, it is logical for the Legislature to prescribe additional punishment when a defendant commits the same serious felony to benefit a criminal street gang. Section 186.22, subdivision (b)(1)(B), does exactly that and no more.
The majority misunderstands the difference between a substantive offense and an enhancement, and the difference between the elements of the underlying crime of assault with a firearm and the personal firearm use enhancement. It concludes the introductory portion of its opinion by stating that “because both enhancements . . . depend on defendant’s firearm use, we conclude that section 1170.1, subdivision (f) bars the imposition of both enhancements.” (Maj. opn., ante, at p. 420.) But the gang enhancement for a serious felony is based solely on defendant’s conviction of assault with a semiautomatic firearm. That conviction does not depend on defendant’s firearm use. (.People v. Ahmed, supra, 53 Cal.4th at pp. 161-162, fn. 2.)
Similarly, the majority later states that “the crime would qualify as a serious felony solely because it involved firearm use,” and that “as the dissent fails to recognize, defendant’s crime qualifies as a serious felony solely because it involved a firearm.” (Maj. opn., ante, at p. 425.) On the contrary, the underlying crime — assault with a semiautomatic firearm — qualifies as a serious felony because section 1192.7, subdivision (c)(31), specifically defines it as serious. Certainly, that underlying crime “involved” a firearm, but the underlying crime is not an enhancement. The only weapon enhancement that exists here does not involve merely a firearm or firearm use, but instead involves defendant’s personal use of a firearm.
The majority also states: “Similar to the circumstances in Rodriguez, it was solely the use of a semiautomatic weapon that made defendant Yang’s crime qualify as a serious felony, and he became eligible for the five-year serious felony enhancement under section 186.22, subdivision (b)(1)(B) solely because of the use of that semiautomatic weapon.” (Maj. opn., ante, at p. 428.) But defendant’s crime inherently qualifies as a serious felony under section 1192.7, subdivision (c)(31), and, unlike Rodriguez, that crime does not depend on any weapon enhancement.
Recognizing, as it must, that section 1170.1, subdivision (f)’s limitation applies only to “two or more enhancements’'’ (italics added), the majority opinion states that “[s]ection 186.22 itself repeatedly describes its additional punishment for serious or violent felonies as an ‘enhancement.’ ” (Maj. opn., ante, at p. 427.) The statement is obviously correct; the additional punishment under section 186.22, subdivision (b)(1), is an enhancement. But that enhancement is for committing the underlying crime to benefit a criminal street *434 gang; it is a gang enhancement, not a weapon enhancement. Section 1170.1, subdivision (f), permits imposition of a gang enhancement in addition to a weapon enhancement.[3]
If, as it does, the majority prohibits imposition of the enhancement for a serious felony, then at least it should remand the matter for the trial court to impose the lower enhancement for ordinary felonies under section 186.22, subdivision (b)(1)(A). Surely the Legislature intended some punishment for committing an assault with a firearm to benefit a criminal street gang. Not permitting any additional punishment would judicially carve out an exception to the gang enhancement for assault with a firearm, which cannot be what the Legislature intended. Such an interpretation would be especially perverse— assault with a firearm is among the most common of gang-related crimes.
In short, because the felony of assault with a semiautomatic firearm is inherently serious under section 1192.7, subdivision (c)(31), because defendant was convicted of that crime, and because there is neither a second weapon enhancement nor (as in Rodriguez, supra, 47 Cal.4th 501) dual use of one weapon enhancement, the trial court was required to impose the enhancement for committing a serious felony to benefit a criminal street gang under section 186.22, subdivision (b)(1)(B).
Accordingly, I dissent.

 All future statutory citations are to the Penal Code.

 The majority states that “the People concede that count 4 [(i.e., assault with a semiautomatic firearm)] qualifies as a serious felony because section 1192.7, subdivision (c)(31) makes assault with a semiautomatic firearm a serious felony.” (Maj. opn., ante, at p. 426.) Rather than being a concession, however, stressing that the underlying felony is itself defined as serious and is not, as in Rodriguez, supra, 47 Cal.4th 501, dependent on a firearm use enhancement to qualify as violent, is the centerpiece of the People’s argument — and of'mine. Because the underlying substantive offense, itself defined as a serious felony, is not an enhancement, there is no dual use of a weapon enhancement.
It is an argument the majority never confronts, choosing instead to describe it as a concession and then ignore it.

 The majority seems concerned that the prosecution charged that defendant committed the underlying crime to benefit a criminal street gang but did not additionally allege which of the punishments the trial court should impose. (Maj. opn., ante, at p. 424, fn. 5.) I see no problem, and neither do the parties. They correctly agree that the charging document may simply allege the gang enhancement under section 186.22, subdivision (b)(1), and leave it to the court to impose the correct punishment if the jury finds the allegation true. Whether defendant committed the underlying crime to benefit a criminal street gang is a factual question for the jury to decide. But which of the three possible punishments to impose is a legal question for the court to decide. In this case, for example, section 1192.7, subdivision (c)(31), makes the underlying conviction for assault with a semiautomatic firearm a serious felony as a matter of law, not fact.
Charging documents do not normally allege what punishment the court should impose if the jury finds the defendant guilty or finds an enhancement allegation true. No reason appears to impose such a requirement here.