Filed 5/26/16  P. v. Reyes CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW SIMON REYES,<br><br>Defendant and Appellant. | B269043<br><br>(Los Angeles County<br>Super. Ct. No. VA108983) |

THE COURT:[*]

Andrew Simon Reyes (defendant) appeals from a judgment of conviction and sentence after he entered a guilty plea and admitted multiple enhancement allegations. His attorney has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  We affirm.

Defendant was charged by information with three counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] with enhancements for personal use of a firearm (§ 12022.5, subds. (a) & (d)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)).  While represented by his attorney, defendant entered a guilty plea to one

---

[*]   BOREN, P.J.,          ASHMANN-GERST, J.,          HOFFSTADT, J.

[1]   All further statutory references are to the Penal Code unless otherwise indicated.

count of assault and admitted the firearm and great bodily injury enhancements. The remaining counts were dismissed with a "*Harvey* waiver." (See *People v. Harvey* (1979) 25 Cal.3d 754, 758.) Defendant was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. The trial court expressly found defendant's waivers and plea were voluntary, knowing and intelligent. Pursuant to the terms of the plea bargain the court sentenced defendant to nine years in state prison comprised of the midterm of three years for the assault and three years for each of the enhancements. Defendant filed a motion for correction of sentence which the trial court denied. He appeals from that denial.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed a brief seeking our independent review of the record in order to determine whether there is any arguable issue on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) On February 16, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider.

Defendant submitted a letter brief in which he contends the trial court erred by imposing consecutive sentences for both the firearm and great bodily injury enhancement. Citing *People v. Gonzalez* (2009) 178 Cal.App.4th 1325, and *People v. Rodriguez* (2009) 47 Cal.4th 501, defendant contends the trial court violated sections 654 and 1170.1, subdivisions (f) and (g) by double counting the enhancements: Using them once to render his conviction a "violent felony," and then using the enhancements a second time to further enhance his punishment.

To the extent defendant argues that a court may not impose an enhancement that at the same time converts a felony into a "violent felony" (e.g., § 667.5, subds. (c)(8), (c)(19), (c)(20), (c)(21), (c)(22)), defendant is effectively asking us to repeal all such enhancements. We are aware of no authority mandating such a result.

To the extent defendant argues that a trial court cannot impose a firearm and bodily injury enhancement, he is mistaken. Section 654 prohibits separate punishment for multiple offenses arising from the same act or from a series of acts constituting an indivisible course of criminal conduct. (*People v. Williams* (2013) 57 Cal.4th 776, 780-

781.)  In *People v. Ahmed* (2011) 53 Cal.4th 156, 159-160 (*Ahmed*) the Supreme Court concluded sentence enhancements, not just substantive criminal offenses, may be subject to section 654 if the specific sentencing statutes themselves do not otherwise state whether more than one enhancement may be imposed.

Subdivisions (f) and (g) of section 1170.1 "mirror each other" and operate to "bar imposing two or more weapon enhancements for the same offense (subd. (f)) and two or more great-bodily-injury enhancements for the same offense (subd. (g))." (*Ahmed*, *supra*, 53 Cal.4th at p. 165.)  Section 1170.1, subdivision (f), provides:  "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.  This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury."  Similarly, section 1170.1, subdivision (g), provides:  "When two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.  This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for being armed with or using a dangerous or deadly weapon or a firearm."

The plain language of section 1170.1, subdivisions (f) and (g) permits the imposition of both a firearm-use and great bodily injury enhancement (*Ahmed*, *supra*, 53 Cal.4th at p. 168), and the trial court properly imposed both.

We have examined the entire record and have found that no arguable issues of any sort exist.  We are satisfied that defendant's attorney has fully complied with his responsibilities.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.