Filed 7/28/15  P. v. Washington CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHANIEL WASHINGTON,<br><br>    Defendant and Appellant. | B259326<br><br>(Los Angeles County<br>Super. Ct. No. GA031084) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Nathaniel Washington appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (Pen. Code, § 1170.126).[1] He contends the trial court erred in finding him ineligible because he was armed with a deadly weapon during the commission of the current offense: carrying a concealed dirk or dagger. We find no error and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 1995, appellant was involved in an altercation with another man in a liquor store. The man, who shoved appellant, suffered several stab wounds in the ensuing fight. A store worker broke up the fight and pulled a sharpened metal rod with a wrapped handle from appellant's hand.

Based on this incident, in 1997, appellant was charged with attempted murder (§§ 187, subd. (a), 664), assault with a deadly weapon (§ 245, subd. (a)(1)), and felony carrying a concealed dirk or dagger (former § 12020, subd. (a), now § 21310). Four prior strike convictions were alleged. Appellant was convicted by jury solely of carrying a concealed dirk or dagger. The court found the prior strikes to be true and sentenced appellant to an indeterminate term of 25 years to life under the Three Strikes law. The judgment was affirmed in *People v. Washington* (Nov. 16, 1998, No. B117501 [unpub. opn.]).

In 2012, appellant petitioned for a recall of his sentence. The prosecutor opposed the petition on the grounds that appellant was neither eligible nor suitable for resentencing. Specifically, the prosecutor argued appellant was ineligible because he was "*armed with a . . . deadly weapon*" "[d]uring the commission of the current offense." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).) The court denied the petition after a hearing.

This appeal followed.

---

[1] Statutory references are to the Penal Code.

2

**DISCUSSION**

As relevant here, an inmate is not eligible for resentencing under section 1170.126 if his or her current sentence was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) The referenced statutes prohibit treating a third striker as a second striker for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

A voter initiative is reviewed under the established rules of statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We look at the statutory language in the overall context of the statutory scheme. (*Ibid.*) If the language is ambiguous, "'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet. [Citation.]" (*Ibid.*)

Appellant reads "[d]uring the commission of the current offense" to mean that the ineligibility factors are intended to be in addition to, and not just coextensive with, the current offense. He acknowledges courts have rejected the argument that the arming factor must be "tethered" to an underlying felony different from mere weapon possession where the current conviction is for illegal firearm possession. (See, e.g., *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797–799 (*Brimmer*); *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312–1313; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030–1031 (*Osuna*).)

Appellant contends firearm possession cases are distinguishable because the courts in those cases recognized that a person may possess a firearm constructively, without having ready access to it, while being armed with a firearm requires having ready access to the firearm. (See, e.g., *Brimmer*, 230 Cal.App.4th at p. 795.) Thus, "while the act of being armed with a firearm—that is, having ready access to a firearm [citation]—

3

necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it." (*Ibid.*)

In contrast, to commit the offense of carrying a concealed dirk or dagger, "the defendant must knowingly and intentionally carry concealed upon his or her person an instrument 'that is capable of ready use as a stabbing weapon.'" (*People v. Rubalcava* (2000) 23 Cal.4th 322, 332, quoting former § 12020, subds.(a), (c)(24) (*Rubalcava*).) "'A person is "armed" with a deadly weapon when he simply carries a weapon or has it available for use in either offense or defense.' [Citations.]" (*People v. Garcia* (1986) 183 Cal.App.3d 335, 350, italics omitted.)

Thus, appellant argues, a person convicted of carrying a concealed dirk or dagger will always be armed with a deadly weapon during the commission of the conviction offense, while a person convicted of unlawful possession of a firearm may not always be armed with it. Appellant contends that if the intent of the ballot proposition was to make persons convicted of carrying a concealed dirk or dagger ineligible for resentencing, it would have listed the offense as a disqualifying factor, as was done with certain controlled substance and sex offenses. (§§ 667, subd. (e)(2)(C)(i), 1170.12, subd. (c)(2)(C)(i).)

We are not persuaded. As the court in *Osuna*, *supra*, 225 Cal.App.4th 1020, explained, the plain language of the proposition, "[d]uring the commission of the current offense," requires only a "temporal nexus" between the arming and the underlying felony; it does not require that the arming be in furtherance of or in addition to that offense. (*Id*. at p. 1032 ["During" is variously defined as "throughout the continuance or course of" or "at some point in the course of"].) Because section 1170.126 does not impose additional punishment (*id*. at p. 1040), it does not matter whether the ineligibility factor "entirely duplicate[s]" the underlying crime. (Cf. *People v. Ahmed* (2011) 53 Cal.4th 156, 161–162, fn. 2, 163 [enhancements "focus on aspects of the criminal act that are not always present and that warrant additional punishment"].)

Courts in firearm possession cases have uniformly concluded the ineligibility factor is meant to apply whenever the record shows the defendant was in actual physical

4

possession of the firearm, hence armed with it.  (See *Brimmer*, *supra*, 230 Cal.App.4th at p. 797; *Osuna*, *supra*, 225 Cal.App.4th at p. 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.)  This is so because a firearm possession offense that amounts to arming is not a minor non-violent offense for purposes of Proposition 36.  (*Brimmer*, at p. 799.)  The same is true here, as the record shows appellant was in physical possession of a stabbing weapon, which he used repeatedly during a fight.

Appellant urges us to interpret the voter initiative in his favor under the rule of lenity, but that rule may not be used to defeat a contrary legislative intent.  (*People v. Avery* (2002) 27 Cal.4th 49, 58.)  The goal of Proposition 36 "was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a life sentence." (*Brimmer*, *supra*, 230 Cal.App.4th at p. 793, citing Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105 (Voter Information Guide) fn. omitted.)  The voters made it clear that the initiative was to be "liberally construed to effectuate the protection of the health, safety, and welfare of the people of California."  (*Ibid*., citing Voter Information Guide, text of Prop. 36, § 7, p. 110.)

Appellant argues that because carrying a concealed dirk or dagger is a wobbler offense, punishable as either a felony or a misdemeanor (*In re Jorge M*. (2000) 23 Cal.4th 866, 875), a person convicted of that offense cannot be "truly dangerous," so as to be categorically ineligible for resentencing.  The problem with this argument is that a person convicted of a misdemeanor offense would not have been sentenced under the Three Strikes law in the first place, and therefore would not fall within the purview of section 1170.126, which by its terms applies only to persons serving time for current felony convictions.  (§ 1170.126, subd. (b).)

To commit the offense of carrying a concealed dirk or dagger, a defendant must "'knowingly and intentionally carry concealed upon his or her person an instrument "that is capable of ready use as a stabbing weapon.'"  (*People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1372.)  The statutory prohibition "is designed to give third parties the

opportunity to protect themselves from the risk of a surprise attack by a person carrying a weapon. [Citation.]" (*Id.* at p. 1371.) While the statute "may criminalize seemingly innocent conduct" (*Rubalcava*, *supra*, 23 Cal.4th at p. 333), its broad sweep is tempered by allowing a defendant to justify the possession of an instrument "ordinarily usable for peaceful purposes," and to defend its concealment as "accidental/unintentional." (*Mitchell*, at pp. 1372, 1381.) It is thus unlikely that a person would be convicted for truly innocent conduct. (See *id.* at pp. 1370, 1379 [jury rejected defendant's trial testimony that he carried knife for fishing purposes where defendant earlier had said he carried it for self-defense].)

Coming in contact with a person knowingly carrying a concealed dirk or dagger, where the possession of the instrument is not compatible with its ordinary peaceful purpose or the instrument does not have such a purpose, exposes one to the risk of a surprise attack with a stabbing weapon. In light of that risk, it cannot be said that carrying a concealed dirk or dagger poses no danger to the public's health, safety and welfare.

The trial court correctly denied appellant's recall petition because he was convicted of felony carrying a concealed dirk or dagger, and the record indicates he was armed with a makeshift stabbing weapon, with which he repeatedly stabbed his opponent in a fight.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.                          COLLINS, J.

6