Filed 3/16/23  P. v. Camarillo CA1/5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESUS CAMARILLO,<br><br>        Defendant and Appellant. | A163883<br><br>(Solano County<br>Super. Ct. No. FCR331711) |

### MEMORANDUM OPINION[1]

After the juvenile court transferred Jesus Camarillo to criminal court for trial, a jury found him guilty of second degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (b); count 1)[2] and attempted murder (§§ 187, subd. (a), 664; count 2) with true findings on firearm enhancements to both counts (§ 12022.53, subds. (c), (d)), and the Solano Superior Court sentenced him to 47 years to life in prison.  (*People v. Camarillo* (Jan. 20, 2021, A155577) [nonpub. opn.] pp. 1, 2, fn. 3, 6–7.)[3]  This division affirmed his convictions but

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

[2] Undesignated statutory references are to the Penal Code.

[3] We grant Camarillo's unopposed request for judicial notice of this court's records of his prior appeal (Evid. Code, §§ 459, subd. (a), 452, subd. (d)), including this division's prior opinion, which we cite only for

1

remanded his case for resentencing under *People v. Morrison* (2019) 34 Cal.App.5th 217 "to consider whether to strike the section 12022.53, subdivision (d) enhancement and impose a lesser enhancement in connection with [his] second degree murder conviction." (*People v. Camarillo, supra*, A155577, at pp. 27, 28.) The court did just that when it resentenced him to 42 years to life, striking the section 12022.53, subdivision (d) enhancement to count 1 and imposing the subdivision (c) and subdivision (b) enhancements. The court stayed the latter under section 654 instead of under section 12022.53, which, as we will discuss, was error.

Camarillo now appeals the resentencing order but for a different reason, arguing subsequent amendments to section 1170 require resentencing on count 2. The People agree he is at least entitled to a new sentencing hearing on count 2, and so do we, though we reject his related section 654 argument as to the stayed enhancement to count 1. Camarillo also argues a recent amendment to the Welfare and Institutions Code entitles him to a new juvenile transfer hearing. The People agree, and so do we. We independently review these statutes' interpretation and application. (*People v. Childs* (2013) 220 Cal.App.4th 1079, 1101.)

In 2021 the Legislature amended the determinate sentencing law to mandate the lower term of imprisonment if any of three circumstances "was a contributing factor in the commission of the offense," including if the offender "was a youth as defined under subdivision (b) of Section 1016.7 at the time . . . ." (§ 1170, subd. (b)(6), (b)(6)(B), amended by Stats. 2021, ch. 731,

---

background (Cal. Rules of Court, rule 8.1115(a), (b); *The Utility Reform Network v. Public Utilities Com.* (2014) 223 Cal.App.4th 945, 951, fn. 3). We deny the remainder of his request as unnecessary (*People v. Sands* (2021) 70 Cal.App.5th 193, 201, fn. 3).

§ 1.3, No. 5E Deering's Adv. Legis. Service, p. 609, eff. Jan. 1, 2022.)[4]  "A 'youth' [is] any person under 26 years of age on the date the offense was committed."  (§ 1016.7, subd. (b), added by Stats. 2021, ch. 695, § 4, No. 5E Deering's Adv. Legis. Service, p. 299, eff. Jan. 1, 2022.)  Camarillo was 16 at the time.  (*People v. Camarillo, supra*, A155577, at p. 2.)  We agree with the parties that these amendments apply retroactively to him and that he is entitled to a hearing on whether to resentence him to the lower term on count 2.  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)  We express no opinion on what the outcome should be.

Camarillo also argues he is entitled to resentencing on the firearm enhancements to count 1 under the 2021 amendment to section 654.  (Stats. 2021, ch. 441, § 1, No. 5C Deering's Adv. Legis. Service, p. 23, eff. Jan. 1, 2022.)  The People correctly respond, "The sentence on a lesser enhancement that was alleged and found true is stayed not by section 654 but by section 12022.53 itself."  Indeed, "the sentence enhancement provisions of . . . section 12022.53 are not limited by the multiple punishment prohibition of . . . section 654," and "in enacting section 12022.53, the Legislature made clear that it intended to create a sentencing scheme unfettered by section 654." (*People v. Palacios* (2007) 41 Cal.4th 720, 723, 727–728.)  Section 12022.53, subdivisions (b)–(d) mandate that their enhancements be applied "[n]otwithstanding any other law . . . ."  "The only limitation to this rule is found in subdivision (f) . . . ."  (*People v. Palacios*, at pp. 725–726 & fn. 4, 731–

<hr />

[4] The amended law nevertheless exempts the court from imposing the lower term if it would be "contrary to the interests of justice," weighing the aggravating and mitigating circumstances affecting sentencing.  (§ 1170, subd. (b)(6).)  The Legislature amended section 1170 again in 2022 (Stats. 2022, ch. 744, § 1, No. 5B Deering's Adv. Legis. Service, pp. 1809–1813, eff. Jan. 1, 2023), but not subdivision (b) (see 2022 Amendment, Deering's Ann. Pen. Code (2023 supp.) foll. § 1170, p. 11, col. 2).

733.)[5]  "Here, the broad and unambiguous scope of '[n]otwithstanding any other . . . law' overrides the application, if any, of section 654 to the imposition of punishment prescribed in section 12022.53, subdivisions (b), (c) and (d)."  (*People v. Palacios*, at p. 729; see *People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1314 ["where imposition of a firearms use enhancement is made mandatory notwithstanding other sentencing laws and statutes, it is error to apply section 654 to stay imposition of such an enhancement" (italics omitted)]; *Isaak v. Superior Court* (2022) 73 Cal.App.5th 792, 798–799 [the phrase *notwithstanding any other provision of law* is " 'a " 'term of art' " ' " with " 'special interpretative importance' "].)

"[A]fter a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements . . . found true for the same crime must be imposed and then stayed" under section 12022.53, not section 654. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130.)[6]  To stay the section 12022.53, subdivision (b) enhancement under section 654 was error, though harmless, applying section 12022.53, subdivision (f).  The court can correct the error on remand under the full resentencing rule, which "allows a court to revisit all prior sentencing decisions when resentencing a defendant."

---

[5] "Only one additional term of imprisonment under this section shall be imposed per person for each crime.  If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment. . . ." (§ 12022.53, subd. (f).)

[6] "Often the sentencing statutes themselves will supply the answer whether multiple enhancements can be imposed. . . .  When this is the situation, recourse to section 654 will be unnecessary because a specific statute prevails over a more general one relating to the same subject. . . . [¶] Only if the specific statutes do not provide the answer should the court turn to section 654."  (*People v. Ahmed* (2011) 53 Cal.4th 156, 163.)

(*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425; *People v. Buycks* (2018) 5 Cal.5th 857, 893–895.)

Last, after we issued our opinion in this appeal, Camarillo petitioned the Supreme Court for review on an issue he did not brief in this court: Does the 2022 amendment to Welfare and Institutions Code section 707 entitle him to a new juvenile transfer hearing? The Supreme Court granted review and transferred the matter back to us to consider this issue. (*People v. Camarillo* (Nov. 8, 2022, A163883) [nonpub. opn.], review granted Jan. 18, 2023, S277731, opn. vacated and cause remanded for further consideration in light of Assem. Bill No. 2361 (2021–2022 Reg. Sess.) § 1.)

In September 2022 the Legislature amended the Arnold–Kennick Juvenile Court Law (Welf. & Inst. Code, § 200 et seq.) in part to limit the juvenile court's power to transfer a minor to the criminal court for trial to cases in which the juvenile court finds "by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court." (Welf. & Inst. Code, § 707, subd. (a)(3), amended by Stats. 2022, ch. 330, § 1, No. 5A Deering's Adv. Legis. Service, p. 751, eff. Jan. 1, 2023.) At the time of Camarillo's juvenile transfer hearing, the burden of proof was lower: by a preponderance of the evidence. (See *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 995 [clear and convincing evidence is a higher burden of proof].)[7] We agree with the parties that this amendment applies retroactively to Camarillo and that he is entitled to a new juvenile transfer hearing. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303–304;

---

[7] The Juvenile Rules (Cal. Rules of Court, rule 5.500 et seq.) still reflect the prior, lower burden of proof. (Cal. Rules of Court, rule 5.770(a).)

*People v. Padilla* (2022) 13 Cal.5th 152, 167–168.)  Again we express no opinion on what the outcome should be.[8]

## DISPOSITION

We conditionally reverse the Solano Superior Court's sentencing order of September 14, 2021, and remand with directions to refer the case to the juvenile court for a hearing on whether it would have transferred the case to the criminal court applying the current law.  If the juvenile court determines it *would not have* transferred the case to the criminal court applying the current law, it shall treat Camarillo's convictions as juvenile adjudications and order an appropriate disposition.

If the juvenile court determines it *would have* transferred the case to the criminal court applying the current law, it shall transfer the case to the criminal court for resentencing on Camarillo's attempted murder conviction under amended Penal Code section 1170, subdivision (b), and to stay the Penal Code section 12022.53, subdivision (b) enhancement to Camarillo's second degree murder conviction under section 12022.53, subdivision (f).  The criminal court shall then prepare amended abstracts of judgment reflecting the new sentence and send copies to the Department of Corrections and Rehabilitation.

---

[8] "[T]he . . . remedy we recognize today does not allow [Camarillo] to raise claims unrelated to his sentence. . . .  He must receive a transfer hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate . . . .  Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize . . . relitigation of guilt." (*People v. Padilla, supra*, 13 Cal.5th at pp. 169–170.)

_____

Jackson, P. J.

WE CONCUR:


_____

Simons, J.


_____

Langhorne, J.*


A163883/*People v. Jesus Camarillo*


_____

\* Judge of the Superior Court of Napa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.