[No. F031127. Fifth Dist. Jan. 18, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO GUZMAN, Defendant and Appellant.

762

**COUNSEL**

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stephen G. Herndon and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LEVY, J.**—Appellant, Francisco Guzman, was convicted of driving under the influence of alcohol and causing bodily injury to another person. On

appeal, appellant challenges the finding that he personally inflicted great bodily injury in the commission of a felony. (Pen. Code, § 12022.7.)[1] This finding was based on injuries his passenger received in a collision with another vehicle. According to appellant, he did not "personally" inflict this injury. Appellant further argues the injury occurred in the commission of a misdemeanor because it was the injury that elevated the offense to a felony.

However, as discussed below, appellant's action was the direct cause of the injury. Thus, he personally inflicted it. Further, the other person's injury constituted great bodily injury and thus was more serious than the mere bodily injury required for a felony conviction. Therefore, the section 12022.7 finding was proper.

## STATEMENT OF THE CASE AND FACTS

While driving with a blood-alcohol level of .10 percent, appellant made an unsafe left turn in front of another vehicle. Due to appellant's action, a collision occurred and appellant's passenger, Amy Quinonez, was injured.

Ms. Quinonez suffered facial abrasions and severe lacerations of her forehead and leg. Three months later, Ms. Quinonez was still receiving medical care for her injuries. She was experiencing continuous back and neck pain and frequent migraine headaches.

Following a court trial, appellant was found guilty of two felony offenses: driving under the influence of alcohol and causing bodily injury to another person (Veh. Code, § 23153, subd. (a)); and driving with a .08 percent blood-alcohol level or more and causing bodily injury (Veh. Code, § 23153, subd. (b)). The court further found that appellant had personally inflicted great bodily injury on Ms. Quinonez within the meaning of section 12022.7. Nevertheless, at sentencing, appellant was granted probation on condition that he serve 270 days in the county jail.

## DISCUSSION

*The great bodily injury enhancement was properly imposed.*

Section 12022.7, subdivision (a), provides that "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three years . . . ."

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

■ Appellant argues he did not *personally* inflict the great bodily injury on Ms. Quinonez. Appellant admits that Ms. Quinonez "may not have been injured" if he had not made an unsafe left turn while driving under the influence. However, appellant asserts that the other driver involved in the accident is the person who directly performed the act that caused the injury.

In *People v. Cole* (1982) 31 Cal.3d 568 [183 Cal.Rptr. 350, 645 P.2d 1182], the California Supreme Court explained the significance of 'the Legislature's diction when it enacted section 12022.7. The court concluded "that the individual accused of inflicting great bodily injury must be the person who directly acted to cause the injury. The choice of the word 'personally' necessarily excludes those who may have aided or abetted the actor directly inflicting the injury." (31 Cal.3d at p. 572.) ■ In other words, when "personally" is included in an enhancement statute, direct rather than derivative culpability is a precondition to increasing a sentence. (*People v. Rodriguez* (1990) 219 Cal.App.3d 688, 693 [268 Cal.Rptr. 581].) Thus, the defendant must directly cause an injury, not just proximately cause it. (*People v. Rodriguez* (1999) 69 Cal.App.4th 341, 347 [81 Cal.Rptr.2d 567].) In this manner, the goal of deterring the infliction of great bodily injury can be accomplished. (*People v. Corona* (1989) 213 Cal.App.3d 589, 593 [261 Cal.Rptr. 765].)

■ Here, appellant turned his vehicle into oncoming traffic. This volitional act was the direct cause of the collision and therefore was the direct cause of the injury. Appellant was not merely an accomplice. Thus, appellant personally inflicted the injury on Ms. Quinonez. Further, the accidental nature of the injuries suffered does not affect this analysis. The 1995 amendment to section 12022.7 deleted the requirement that the defendant act "with the intent to inflict the injury."

Appellant's argument that the enhancement is inapplicable because another vehicle was involved in the collision is unavailing. More than one person may be found to have directly participated in inflicting a single injury. For example, in *People v. Dominick* (1986) 182 Cal.App.3d 1174, 1210-1211 [227 Cal.Rptr. 849], the defendant who held the victim while a codefendant struck her was found directly responsible for the injury the victim suffered when she fell while pulling away. Similarly, in *People v. Corona,* the court held that the defendant could be punished with a great bodily injury enhancement when he participated in a group beating, although it was not possible to determine which assailant inflicted which injuries. (213 Cal.App.3d at p. 594.) Thus, the fact that the collision involved two vehicles does not absolve appellant of direct responsibility for Ms. Quinonez's injuries.

Appellant further contends section 12022.7 does not apply because the injuries were inflicted in the commission of a misdemeanor, not a felony. As noted by appellant, one element of a felony driving under the influence conviction is that the driver's illegal act or neglect "proximately causes bodily injury to any person other than the driver." (Veh. Code, § 23153, subds. (a) and (b).) Appellant reasons that he was committing a misdemeanor until the injury elevated the offense to a felony.

The trial court determined that Ms. Quinonez suffered "[g]reat bodily injury." Section 12022.7 defines great bodily injury as "a significant or substantial physical injury." (§ 12022.7, subd. (e).) Appellant does not dispute this finding. However, the "bodily injury" component of Vehicle Code section 23153 requires only proof of " 'harm or hurt to the body.' " (*People v. Dakin* (1988) 200 Cal.App.3d 1026, 1035 [248 Cal.Rptr. 206].) Thus, the injury was more severe than that required for the felony offense. (Cf. *People v. Escobar* (1992) 3 Cal.4th 740, 750 [12 Cal.Rptr.2d 586, 837 P.2d 1100].)

Section 12022.7 is a legislative attempt to punish more severely those crimes that actually result in great bodily injury. (*People v. Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700].) It applies except where serious bodily injury is already an element of the substantive offense charged. (*Ibid.*)

Here, the fact that Ms. Quinonez suffered bodily injury rendered appellant's offense a felony. Since this bodily injury was determined to be great bodily injury, it exceeded the level of injury required under Vehicle Code section 23153. In such a situation, it is appropriate to increase the punishment by way of an enhancement. (Cf. *Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 352 [211 Cal.Rptr. 742, 696 P.2d 134].) Thus, the section 12022.7 enhancement was properly imposed.

DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Wiseman, J., concurred.

A petition for a rehearing was denied January 31, 2000, and appellant's petition for review by the Supreme Court was denied April 12, 2000.