**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN DAHLBERG,

               Petitioner - Appellant,

   v.

BRENDA M. CASH, Warden,

               Respondent - Appellee.

No. 12-15346

D.C. No. 1:11-cv-00967-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted March 13, 2014
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

    Kevin Dahlberg appeals from the district court's denial of his petition for a

writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction

pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

First, Dahlberg argues that there was not sufficient evidence to support the jury's finding that he personally inflicted great bodily injury on Sergeant Kelly. As to this issue, the California Court of Appeal ruled, as a matter of state law, that the evidence was "sufficient to support a finding that [Dahlberg] both personally inflicted and proximately caused Sergeant Kelly's injuries." *People v. Dahlberg*, No. F058563, 2010 WL 4721346, at \*11 (Cal. Ct. App. Nov. 22, 2010). In reaching that conclusion, the state court relied on California law, stating that "'[m]ore than one person may be found to have directly participated in inflicting a single injury.'" *Id.*, *quoting People v. Guzman*, 91 Cal. Rptr. 2d 885, 887 (Ct. App. 2000). This conclusion is binding on us. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) (explaining that "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); *Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007) (en banc) (following *Bradshaw* and explaining that a "federal court [on habeas review] may not overturn a conviction [even if] the state court misinterprets state law"). In light of Dahlberg's participation in parking the van, his sufficiency-of-evidence challenge fails under the standard set by *Jackson v. Virginia*, 443 U.S. 307 (1979).

Second, Dahlberg argues that the trial court violated his Sixth Amendment right to present a defense when it precluded him from offering evidence and

2

argument that a superseding cause absolved him of responsibility for the injuries to Sergeant Kelly. As to this issue, the California Court of Appeal ruled that the trial court had "correctly concluded that, as a matter of [state] law, [Sergeant Kelly's] conduct did not constitute a superseding cause of the accident that injured him." *Dahlberg*, 2010 WL 4721346, at *4. The state court based this conclusion on California law, holding that if an "'intervening cause is a normal and reasonably foreseeable result of [the] defendant's original act[,] the intervening act is 'dependent' and not a superseding cause, and will not relieve [the] defendant of liability.'" *Id.* at *6, *quoting People v. Cervantes*, 29 P.3d 225, 233 (Cal. 2001). Because Dahlberg had not "argue[d] or present[ed] any authority supporting the conclusion that Sergeant Kelly's conduct in this case was so extraordinary and unforeseeable it could reasonably be deemed . . . [a] superseding cause of the accident," and because he "made no offer of proof of any evidence that was legally sufficient to show a superseding cause," the California Court of Appeal held that the trial court had not erred as to this issue. *Id.* at *4-7. As with Dahlberg's prior claim, the state court's interpretation of state law–in this case, state law defining a "superseding cause"–is binding on us in habeas. *Bradshaw*, 546 U.S. at 76.

Finally, Dahlberg argues that the trial court violated his Sixth Amendment rights when it excluded evidence that no money was found in Dahlberg's van when

3

its contents were inventoried. As to this issue, the California Court of Appeal ruled that there was "no competent evidence establishing that there had ever been any money in the van in the first place," which meant that the trial court had "properly excluded as . . . irrelevant" testimony from a proffered witness that "no money was found in the van." *Dahlberg*, 2010 WL 4721346, at *8. Dahlberg fails to meet his burden of showing that this ruling was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See, e.g.*, *Kemp v. Ryan*, 638 F.3d 1245, 1261 (9th Cir. 2011).

**AFFIRMED.**