Filed 7/26/24  P. v. Gonzalez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FEDENCIO GONZALEZ,<br><br>Defendant and Appellant. | F085138<br><br>(Super. Ct. No. CF03900866)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Matthew J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, Eric L. Christoffersen, and John W. Powell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# **INTRODUCTION**

Petitioner Fedencio Gonzalez petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his three convictions for attempted murder (§§ 187, subd. (a), 664). The trial court determined petitioner had made a prima facie showing of resentencing eligibility, but the court did not expressly issue an order to show cause. The court then conducted an evidentiary hearing, at which it denied the petition after concluding the report of the probation officer and petitioner's admission of two great bodily injury enhancements established petitioner was ineligible for resentencing.

In his opening brief, petitioner argued the court erred in denying his petition for resentencing at the prima facie stage (§ 1172.6, subd. (c)) because the denial required factual findings and weighing of the evidence. The People disputed that the petition was denied at the prima facie stage and instead argued the trial court held an evidentiary hearing pursuant to section 1172.6, subdivision (d) before finding petitioner ineligible for relief. In his reply brief, petitioner argued for the first time that, to the extent the court conducted an evidentiary hearing, the court nonetheless erred in denying the petition because (1) the court did not require the People to prove beyond a reasonable doubt that petitioner is guilty of attempted murder under a currently valid theory, as required pursuant to section 1172.6, subdivision (d)(3); (2) the report of the probation officer was inadmissible and, thus, did not support denial of the petition; and (3) the great bodily injury enhancements did not prove petitioner was guilty of attempted murder under a currently valid theory and therefore did not support denial of the petition.

We provided the parties an opportunity to submit additional briefing on petitioner's belatedly raised points. The People now concede the trial court erred in

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

denying the petition based solely on the probation report and petitioner's bare admissions to the great bodily injury enhancements.

We accept the People's concession, reverse the order denying the petition, and remand with directions to conduct a new evidentiary hearing pursuant to section 1172.6, subdivision (d).

## PROCEDURAL HISTORY

On December 23, 2003, the Fresno County District Attorney filed a second amended information charging petitioner with arson causing great bodily injury (§ 451, subd. (a); count 1), three counts of attempted murder against Margie J.[2] (§§ 187, subd. (a), 664; counts 2–4), carjacking (§ 215, subd. (a); count 5), kidnapping (§ 207, subd. (a); count 6); second degree robbery (§ 211; count 7); and assault with a deadly weapon (§ 245, subd. (a)(1); count 8).[3] As to count 1, the information further alleged that the arson was committed by using gasoline as an accelerant (§ 451.1, subd. (a)), and that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)). As to counts 2, 3, 5, 6, 7, and 8, the information further alleged that petitioner personally inflicted great bodily injury during the commission of the offenses (§ 12022.7, subd. (a)).

---

[2] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[3] Additionally, the information charged petitioner's codefendant, Arron Derickson, with assault with a deadly weapon as to Margie (§ 245, subd. (a)(1); count 9) with enhancements for causing great bodily injury (§ 12022.7, subd. (a)) and personally using a deadly and dangerous weapon (§ 12022, subd. (b)(1)). The information also charged a second codefendant, Gerardo Gonzalez, with recklessly causing a fire that caused great bodily injury to Margie (§ 452, subd. (a); count 10).

On December 23, 2003, petitioner entered a plea of no contest to all eight counts and admitted the charged enhancements. On January 29, 2004, the trial court sentenced petitioner to an aggregate prison term of 43 years, 4 months.[4]

On April 11, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6. The court filed a form order stating, "The court has reviewed the petition and has made a preliminary determination that [petitioner] has made a prima facie case that . . . petitioner falls within the provisions of [section 1172.6], subdivision (c)." Counsel was appointed to represent petitioner.

The matter was heard on August 23, 2022. The People asked, "Did the court find prima facie on the filing of his [petition]? Did it even show a prima facie?" The court responded, "[D]o you want me to do that?" The People responded that such finding "would trigger [the People's] response" to the petition. The court stated, "I'll make a prima facie . . . finding . . . [¶] . . . [¶] . . . to that effect."

Thereafter, the People filed an opposition to the petition on the merits. The People asked the court to take judicial notice of the abstract of judgment and the report of the probation officer. The People stated, "No opposition was filed to the petition at the prima facie hearing in light of the clear misapplication of this code section by the [petitioner] to the facts of his case. Presumptions were made on [the part of the prosecutor] related to the involvement of both court and counsel in the process at the prima facie stage which should not have been made." Nonetheless, the prosecutor acknowledged that the court had found a prima facie showing. However, based on the facts as recounted in the report of the probation officer, the prosecutor argued "any assertion of a prima facie case by [petitioner] is defeated by the record of conviction in this case." According to the prosecutor, the record, including the abstract of judgment, showed that petitioner's

---

[4] An amended abstract of judgment was filed on March 28, 2018. The aggregate sentence remained unchanged.

attempted murder convictions "had nothing to do with the natural and probable consequences doctrine or the [f]elony [m]urder [r]ule." Rather, the prosecutor argued, the record showed that petitioner was "personally involved" in the attempts to murder the victim. Accordingly, the People requested that the court summarily deny the petition.

In response, petitioner argued that the People waived any objection to the court finding a prima facie case by requesting that the court make such finding. He further argued that he had properly stated a prima facie case and that the summary of facts stated in the report of the probation officer constituted inadmissible hearsay.

The matter was heard on October 14, 2022. The prosecutor explained, "[W]e had asked to simply skip through this prima facie, ask the Court find the prima facie, so we can get to this point where we are today, which is really a hearing that allows us to be governed by the Evidence Code, allows the Court to engage in factfinding, allows the Court to involve itself in the weighing of evidence, and allows the Court to exercise some discretion. It is governed by the Evidence Code." The prosecutor asked the court to take judicial notice of the sentencing transcript, the abstract of judgment, and the report of the probation officer, including the facts stated therein, pursuant to Evidence Code section 452.

In response, defense counsel argued, "[W]e are no longer at the prima facie stage. We are at the stage where [the prosecutor] must prove by proof beyond a reasonable doubt that [petitioner] . . . has committed three counts of attempted murder against the same person." Counsel argued the report of the probation officer, and particularly the summary of police reports contained in the report, was not a proper subject of judicial notice pursuant to Evidence Code section 452, inasmuch as the facts stated in the report were in dispute. Counsel further argued that neither the abstract of judgment nor the sentencing transcript contained facts to establish petitioner's guilt beyond a reasonable doubt.

5.

The court opined that petitioner "coming back and trying to undercut" the stipulated sentence he received as part of a negotiated plea "raise[d] a fairness issue." Defense counsel argued that a stipulated sentence did not preclude relief under section 1172.6. The court took judicial notice of and admitted the abstract of judgment, sentencing transcript, and report of the probation officer. Based on those documents, and particularly the facts included in the probation report, the prosecutor argued petitioner was an "active participant" in the attempts to murder the victim. Additionally, the prosecutor pointed out that petitioner admitted three counts of attempted murder and, on two of those counts, admitted personally inflicting great bodily injury. The prosecutor argued the great bodily injury enhancements established petitioner was "someone who was engaged in . . . express malice, not just implied malice, during the time that this crime took place." Defense counsel again objected to the court's consideration of the report of the probation officer and argued that no facts were properly admitted or otherwise presented to the court. Counsel argued that the court lacked evidence to find petitioner guilty of attempted murder beyond a reasonable doubt and, in any event, the available facts did not support three separate counts of attempted murder.

The court denied the petition as follows:

"I'm finding that, based upon the [a]bstract alone, and not considering the [report of the probation officer], I would find, based upon the [great bodily injury] admission and findings on [c]ounts 2A and 3A, independent and without considering the [report of the probation officer], that I could make a finding that they've been established, when you link together the attempted murder and the [great bodily injury].

"With regard to the other remaining attempted murder where there was no [great bodily injury], which is reflected in 4A of the [a]bstract, I will be utilizing, over the objection of the defense, the report and recommendation of the probation department . . . and also deny the petition on that ground as well.

"So to be clear, the Court is not changing the sentencing. And independent of all that, I find that, I don't think it was the intent of the

6.

[L]egislature, that when someone engages in a stipulated plea to arrive at a disposition in their favor, far less than what would, in this case, be a life sentence, that you should technically -- or you should be able to question how the judge got there to give you what you want."

## DISCUSSION

### I.       Section 1172.6 Procedure

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder or attempted murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e), which limits application of the felony-murder rule as further described below.  (§ 189, subd. (e); accord, *Gentile*, at p. 842.) Finally, the bill added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.)  If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show

7.

cause and hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction(s). (§ 1172.6, subds. (c), (d)(1).)

At the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of . . . attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) "A finding that there is substantial evidence to support a conviction for . . . attempted murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*) "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*)

"Ordinarily, a trial court's denial of a section 1172.6 petition [following an evidentiary hearing] is reviewed for substantial evidence. [Citation.] Under this standard, we review the record ' " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' " (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)

## II.   The Court Denied the Petition Following an Evidentiary Hearing

The parties dispute whether the trial court denied the petition at the prima facie stage or following an evidentiary hearing.

If a court determines a section 1172.6 petitioner has made a prima facie case for relief, it must issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing to determine whether the petitioner is entitled to resentencing (*id.*, subd. (d)).  At the prima facie review, the court may not engage in factfinding or the exercise of discretion.  (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)  However, at the evidentiary hearing, the court sits as an independent fact finder to determine whether the petitioner is guilty of murder or attempted murder under current law.  (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123.)

Here, the trial court did not issue an order to show cause as required by section 1172.6, subdivision (c).  However, the court repeatedly stated it found petitioner made a prima facie case.  Additionally, at the hearing, all parties expressed their understanding that the matter had proceeded beyond prima facie review to an evidentiary hearing.

Thus, although the court did not expressly issue an order to show cause, the proceeding at which it denied the petition was plainly an evidentiary hearing conducted pursuant to section 1172.6, subdivision (d), at which the parties were permitted to present new evidence and the court was permitted to engage in factfinding to determine petitioner's eligibility for resentencing.

We therefore consider whether the court's finding of ineligibility following the evidentiary hearing is supported by substantial evidence.

## III.   The Great Bodily Injury Enhancements Are Not Substantial Evidence of Petitioner's Guilt

The court denied the petition as to counts 2 and 3 based on the abstract of judgment, which reflected petitioner's plea of no contest to the attempted murders and petitioner's admission of great bodily injury enhancements to each of counts 2 and 3.

A great bodily injury enhancement pursuant to section 12022.7, subdivision (a) requires personal infliction of great bodily injury committed with general intent.  (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338; *People v. Guzman* (2000) 77 Cal.App.4th 761, 764.)  Meanwhile, " '[a]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.' " (*People v. Perez* (2010) 50 Cal.4th 222, 224.)  The admitted enhancement allegations do not "conclusively establish[] *every element* of the offense" of attempted murder under a valid theory.  (*People v. Curiel* (2023) 15 Cal.5th 433, 463, italics added.)  Thus, we accept the People's concession that the admitted great bodily injury enhancements, alone, do not constitute substantial evidence that petitioner is guilty of the attempted murders under current law.

Accordingly, the order denying the petition as to counts 2 and 3 must be reversed.

## IV.     The Probation Report Constituted Inadmissible Hearsay

The court denied the petition as to count 4 based on facts stated in the probation officer's report.  The court did not cite any other evidence in support of denial of the petition on this count.

As the People now concede, hearsay contained in the probation officer's report is generally inadmissible at both the prima facie and evidentiary hearing phases of the section 1172.6 petition process.  (§ 1172.6, subd. (d)(3); *People v. Owens* (2022) 78 Cal.App.5th 1015, 1026; *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)  The People therefore concede the court erred in relying on the probation officer's report to deny resentencing on count 4.  Substantial, admissible evidence did not support a finding of resentencing ineligibility on this count.

The order denying the petition as to count 4 must be reversed.

## **DISPOSITION**

The order denying the petition is reversed and the matter is remanded with directions to conduct a new evidentiary hearing pursuant to section 1172.6, subdivision (d).

DETJEN, J.

WE CONCUR:

LEVY, Acting P. J.

PEÑA, J.

11.