Filed 12/12/24  P. v. Godlock CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JADON ROBERT GODLOCK,<br><br>    Defendant and Appellant. | G063107<br><br>(Super. Ct. No. 17WF0695)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Melissa Mandel, Seth M. Friedman, and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 2018, defendant Jadon Robert Godlock pleaded guilty to one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 1)[1], one count of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), and one count of possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 3). He admitted he committed count 1 "willfully and unlawfully and with the specific intent to kill" and that he personally inflicted great bodily injury on the victim. He also admitted a prior strike (§§ 667, subds. (d), (e)(1); 1170.12, subds. (b), (c)(1)) and a serious felony prior (§ 667, subd. (a) (1).)

Consistent with the stipulated sentence, the court sentenced defendant to state prison for an aggregate term of 26 years. In 2023, defendant filed a petition for resentencing under section 1172.6. The court summarily denied defendant's petition for resentencing, and defendant appealed.

On appeal, defendant contends the court erred by denying his petition at the prima facie stage because his guilty plea did not establish ineligibility under section 1172.6. We disagree with defendant's contentions and affirm the court's order because the record of conviction establishes defendant is ineligible for relief as a matter of law.

FACTS

As the factual basis for his guilty plea in 2018, defendant stated: "In Orange County, California, on March 26, 2017 I willfully and unlawfully and with the specific intent to kill, attempted to murder Victor A., a human being. I also unlawfully possessed a firearm having been previously convicted

---

[1] All further statutory references are to the Penal Code.

2

of a felony and possessed ammunition when I was prohibited from doing so."
At the plea hearing, defendant admitted a great bodily injury enhancement.
The court specifically asked: "And the great bodily injury enhancement as it
relates to count 1, the great bodily injury was inflicted, is that allegation true
or is it not true?" Defendant responded: "True."

In his petition for resentencing filed in 2023, defendant averred:
"1. A complaint, information, or indictment was filed against me that allowed
the prosecution to proceed under a theory of felony murder, murder under the
natural and probable consequences doctrine or other theory under which
malice is imputed to a person based solely on that person's participation in a
crime, or attempted murder under the natural and probable consequences
doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or
manslaughter following a trial or I accepted a plea offer in lieu of a trial at
which I could have been convicted of murder or attempted murder. [Citation.]
[¶] 3. I could not presently be convicted of murder or attempted murder
because of changes made to [sections] 188 and 189, effective January 1,
2019."

The court appointed counsel for defendant, received briefing from
the parties, and conducted a prima facie hearing. The court subsequently
denied defendant's petition for resentencing. In a statement of decision, the
court held defendant was ineligible for relief on count 1 given the factual basis
for his guilty plea. The court emphasized defendant's admission to attempting
to kill the victim "with the specific intent to kill established . . . he acted with
the *mens rea* sufficient to sustain the attempted murder conviction under the
law as it is currently amended."

3

DISCUSSION

Defendant argues the court erred by denying his petition because his guilty plea was generic and did not exclude liability for attempted murder under the natural and probable consequences doctrine. For the reasons below, the court did not err.

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551 § 2) amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder. A defendant convicted of attempted murder is eligible for relief under section 1172.6 only if that conviction was based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Thus, a defendant convicted of attempted murder either as an actual perpetrator or a director aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971.) "When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.'" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly

4

meritless." (*Lewis*, at p. 971.) "We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief." (*People v. Ramos* (2024) 103 Cal.App.5th 460, 465.)

Here, the information alleged defendant "did unlawfully, and with the specific intent to kill, attempt to murder Victor A., a human being." It further alleged defendant "personally inflicted great bodily injury on Victor A., who was not an accomplice[,] *during the commission* and attempted commission of the above offense." (Italics added.) The information did not reference the natural and probable consequences doctrine and did not identify or charge any codefendants. It alleged only that defendant attempted to murder the victim.

In his guilty plea, defendant admitted he attempted to murder Victor A. with the specific intent to kill. At the plea hearing, he also admitted the great bodily injury allegation under section 12022.7 – i.e., he personally inflicted great bodily injury on the victim "during the commission" of the attempted murder. Section 12022.7, subdivision (a) states: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." By enacting section 12022.7, "the Legislature intended to impose an additional penalty for causing great bodily injury *only on those principals who perform the act that directly inflicts the injury*, and that one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7." (*People v. Cole* (1982) 31 Cal.3d 568, 571, italics added; *People v. Elder* (2014) 227 Cal.App.4th 411, 418 [same].) Thus, defendant's guilty plea admitted he personally and directly inflicted great bodily injury on the victim and was the direct perpetrator of

the attempted murder. In other words, his admissions conclusively establish he was not convicted under the natural and probable consequences doctrine. (See *People v. Saavedra* (2023) 96 Cal.App.5th 444, 448 [holding the defendant was ineligible for relief as a matter of law where he admitted he attempted to murder the victims by personally discharging a firearm at their vehicle.)

Defendant relies on *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*) and *People v. Eynon* (2021) 68 Cal.App.5th 967 (*Eynon*), but the facts in those cases are distinguishable. In *Rivera*, the defendant pleaded no contest to murder with malice aforethought. (*Rivera*, at p. 225.) As a factual basis for the plea, the defendant stipulated to the facts contained in the "transcript of the grand jury proceedings." (*Id.* at pp. 225–226.) In *Eynon*, the defendant pleaded guilty to premeditated first degree murder during a robbery, admitting "'I agree that I did the things that are stated in the charges that I am admitting.'" (*Eynon*, at p. 971.) The Courts of Appeal in both cases concluded the defendants were not ineligible for relief as a matter of law. (*Rivera*, at p. 239; *Eynon*, at p. 979.) Unlike the defendants in *Rivera* and *Eynon*, defendant in the instant action admitted to committing an attempted murder with the specific intent to kill and to personally inflicting great bodily injury on the victim during the commission of the attempted murder.

For the foregoing reasons, the record of conviction refutes the allegations of defendant's petition as a matter of law.

6

## DISPOSITION

The postjudgment order is affirmed.


                              SANCHEZ, J.

I CONCUR:


O'LEARY, P. J.

Moore, J., Dissenting.

Jadon Robert Godlock filed a Penal Code section 1172.6 petition averring that he was convicted of attempted murder as an aider and abettor under the former (now defunct) natural and probable consequences doctrine. Godlock is entitled to an evidentiary hearing unless the record of conviction *conclusively establishes as a matter of law* that he was convicted of attempted murder as the actual perpetrator or a direct aider and abettor.

Here, the record of conviction shows: 1) Godlock was charged in an information with attempted murder; 2) Godlock admitted in a felony plea form that he "willfully and unlawfully and with the specific intent to kill, attempted to murder Victor A., a human being"; and 3) Godlock admitted a great bodily injury enhancement.

I agree with the majority's analysis that the record of conviction conclusively establishes that Godlock acted with the requisite intent to kill (the mens rea). But it does not conclusively establish that Godlock committed the requisite acts (the actus reus).

Under the former natural and probable consequences doctrine, it is possible Godlock committed a target offense with the intent to kill (e.g., an assault), but a coparticipant committed the foreseeable nontarget offense of attempted murder. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 267–268.)

Thus, I respectfully dissent, and would reverse the ruling of the trial court and remand the matter for an evidentiary hearing.

The majority contends that: "The information did not reference the natural and probable consequences doctrine and did not identify or charge any codefendants." (Maj. opn., *ante*, p. 5.)

But the majority's contentions regarding the pleading are of no

1

significance. A prosecutor is not required to specify the theory of liability in an information. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 ["'an accusatory pleading charging murder need not specify . . . the manner in which the murder was committed'"].) And there may have been any number of coparticipants in the attempted murder that were separately charged. (See *People v. Estrada* (2024) 101 Cal.App.5th 328, 339 ["we are aware of no authority requiring prosecutors to try all codefendants together"].)

The majority further contends that: "In his guilty plea, defendant admitted he attempted to murder Victor A. with the specific intent to kill." (Maj. opn., *ante*, p. 5.)

But the majority's contention regarding Godlock's intent to kill (mens rea) does not conclusively establish that he committed the requisite acts (the actus reus) as either the actual perpetrator, or a direct aider and abettor. That is why an evidentiary hearing is required. (See *People v. Curiel* (2023) 15 Cal.5th 433, 463 ["A finding of intent to kill does not, standing alone, cover all of the required elements"].)

Finally, the majority contends that Godlock's guilty plea to the attempted murder charge, combined with his further admission that he personally inflicted great bodily injury upon the victim, "conclusively establish he was not convicted under the natural and probable consequences doctrine." (Maj. opn., *ante*, p. 6.) I respectfully disagree.

"'Attempted murder requires the specific intent to kill [the mens rea] and the commission of a direct but ineffectual act toward accomplishing the intended killing [the actus reus].'" (*People v. Perez* (2010) 50 Cal.4th 222, 224.) Conversely, a great bodily injury enhancement pursuant to Penal Code section 12022.7, subdivision (a), requires personal infliction of great bodily

2

injury committed with general intent. (*People v. Estrada, supra,* 101 Cal.App.5th at p. 338; *People v. Guzman* (2000) 77 Cal.App.4th 761, 764.)

Here, Godlock admitted that he inflicted great bodily injury upon the victim "during the commission" of the attempted murder. But if Godlock was prosecuted for attempted murder under the natural and probable consequence doctrine, then he may have inflicted great bodily injury upon the victim during his commission of the target offense (e.g., an assault), while a coparticipant committed "'a direct but ineffectual act toward accomplishing the intended killing.'" (*People v. Perez, supra,* 50 Cal.4th at p. 224.)

The majority appears to *assume* that Godlock's infliction of great bodily injury was the actus reus, or the "'direct but ineffectual act toward accomplishing the intended killing.'" (*People v. Perez, supra,* 50 Cal.4th at p. 224.) And while the majority's factual assumption may be reasonable, it is definitely <u>not</u> a matter of law that is conclusively established in the record.

In sum, the record of conviction does not "conclusively establish[] every element of the offense" of attempted murder under a valid legal theory. (*People v. Curiel, supra,* 15 Cal.5th at p. 463.) Therefore, Godlock is entitled to an evidentiary hearing.

MOORE, J.